## Lin Chancellor v. The State.

### No. 4061.    Decided February 5, 1908.

#### Gaming—Charge of Court—Betting at a Game Played With Cards—Banking Game.

Where upon trial for gaming, the information charged the defendant with betting at a gaming table and bank, exhibited for the purpose of gaming, and the evidence supported this charge, but the court instructed the jury on the offense of betting at a game played with cards, which was another and different offense, from the one alleged and proved, there was reversible error.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of a violation of the gaming law; penalty, a fine of $10.

The opinion states the case.

*W. M. Tidwell,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The complaint and information contain three counts, the first charging betting at a gaming table and bank, then and there kept and exhibited for the purpose of gaming; second, playing at a game of cards at a place other than a private residence occupied by a family; and third, at a private residence occupied by a family, such residence being one commonly resorted to for the purpose of gaming, did unlawfully bet and wager at such game played with cards.

The jury were instructed to disregard for all purposes the second and third counts, and they were limited to the consideration of the first count. The court confined the jury in regard to the punishment to betting at a game played with cards, the punishment being not less than $10 nor more than $50. This prosecution occurred under the Act of the Thirtieth Legislature, page 107, which is as follows: "If any person shall bet or wager at any gaming table, or bank, or pigeon hole, or jenny-lind table, or nine, or ten-pin alley such as are mentioned in the six preceding articles, or shall bet or wager any money or other thing of value at any of the games included in the six preceding articles, or at any of the following games, viz: poker-dice, jack-pot, high-dice, high-die, low-dice, low-die, dominoes, euchre with dominoes, poker with dominoes, sett with dominoes, muggins, crack-loo, crack-or-loo, or the game of matching money or coins of any denomination for such coins, or for other things of value, or at any game of any character whatever that can be played with cards, dice or dominoes, or at any table, bank or alley, by whatsoever name the same may be known, or whether named or not, and without reference as to how the same may be played and

without reference as to how the same may be constructed or operated, or shall bet or wager upon anything in any place where people resort for the purpose of betting or wagering he shall be fined not less than $10 nor more than $50." It is provided further: "That no banking game played with cards or dominoes shall be exempted from the provisions of this act on account of being played at a private residence occupied by a family, and provided further, that for betting on any gaming table or bank the court or jury may in addition to said fine impose a jail penalty of not less than ten nor more than thirty days." So, it will be seen that the court did not submit to the jury the issue charged in the first count, to wit: betting at a banking game or table, but limited the jury in their consideration of the facts to betting at a game played with cards.

The evidence for the State is, that appellant bet at banking game or table, known as "Monte." The statute, article 384, of the Penal Code, specially names "Monte" as a banking game, and the evidence shows that it was in fact a banking game, because it was kept by a dealer and comes within the definition of what it takes to constitute a banking game; that is, the dealer against all the bettors. In other words, "Monte" is a banking game, and it was at this bank that the State's evidence shows that appellant bet.

Error is properly suggested in regard to the court instructing the jury if appellant bet at cards he would be guilty, the punishment being not less than $10 nor more than $50, when, in fact he confined their consideration to betting at a game played with cards. The statute provides that where the betting was on a gaming table or bank the punishment is not less than $10 nor more than $50 and may in addition to said fine impose a jail penalty of not less than ten nor more than thirty days. In other words, the State charged appellant with one offense, and the State's evidence supports that charge, and the jury were instructed to convict upon another phase of the statute not included in the count submitted to the jury. One offense was charged and another submitted, and the conviction is therefore not authorized.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*