## L. ARREDONDO v. THE STATE.

### No. 361.    Decided January 26, 1910.

**Gaming—Variance—Private Residence—Monte—Playing—Betting.**

Where upon trial for gaming it was alleged that the defendant did then and there unlawfully play at a game of cards at a place other than a private residence occupied by a family, and the evidence showed that if defendant gambled at all he bet at a game of monte, the variance was fatal. Following Chancellor v. State, 52 Texas Crim. Rep., 464.

Appeal from the County Court of Newton. Tried below before the Hon. E. J. Newberry.

Appeal from a conviction of unlawfully playing at a game of cards; penalty, a fine of $10.

The opinion states the case.

*West & Forse,* for appellant.—Cited Patterson v. State, 12 Texas Crim. Rep., 222; Chancellor v. State, 52 Texas Crim. Rep., 464, 107 S. W. Rep., 823; article 388, Acts 30th Legislature.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Under the authority of Chancellor v. State, 52 Texas Crim. Rep., 464, 107 S. W. Rep., 823, this case must be reversed, for that the uncontradicted evidence shows that appellant, if gambling at all, was betting at a game of monte. The charge against him was thus stated, that he "did then and there unlawfully play at a game with cards at a place other than a private residence occupied by a family." In the case of Chancellor v. State, supra, the court say: "So it will be seen that the court did not submit to the jury the issue charged in the first count, to wit, betting at a banking game or table, but limited the jury in their consideration of the facts to betting at a game played with cards. The evidence of the State is that appellant bet at banking game or table, known as 'monte.' The statute (article 384 of the Penal Code of 1895) specially names 'monte' as a banking game, and the evidence shows that it was in fact a banking game, because it was kept by a dealer and comes within the definition of what it takes to constitute a banking game; that is, the dealer against all the betters. In other words, 'monte' is a banking game, and it was at this bank that the State's evidence shows that appellant bet.

"Error is properly suggested in regard to the court, instructing the jury, if appellant bet at cards, he would be guilty; the punishment being not less than $10, nor more than $50, when in fact he confined their consideration to betting at a game played with cards. The statute provides that where the betting was on a gaming table or bank, the punishment is not less than $10 nor more than $50, and may in addition to said fine impose a jail penalty of not less than ten nor more than thirty days. In other words, the State charged appellant with one offense, and the State's evidence supports that charge, and the jury were instructed to convict upon another phase of the statute, not included in the count submitted to the jury. One offense was charged, and another submitted, and the conviction is, therefore, not authorized."

The facts of this case are clearly brought within the rule laid down in the Chancellor case, supra, and the conviction can not, therefore, be sustained.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*