CLEVE ROBINSON v. THE STATE.

No. 2965. Decided January 28, 1914.

1.—Gaming—Private Residence—Insufficiency of the Evidence.

Where, upon trial of gaming, the evidence failed to show that the house where the game was played was a private residence and that people commonly resorted to the same for the purpose of gaming, as alleged, the conviction could not be sustained.

**2.—Same—Variance—Banking Game.**

Where defendant was indicted for betting at a game of cards, etc., and the evidence showed the exhibition of a banking game, the variance was fatal. Following Chancellor v. State, 52 Texas Crim. Rep., 464, and other cases.

Appeal from the County Court of Leon. Tried below before the Hon. L. T. Dashiell.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*Joe H. Seale,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of betting at a game of cards in a private residence occupied by a family and commonly resorted to for the purpose of gaming.

It is sufficient to dispose of this case on the facts. This indictment was drawn under article 548 of the Revised Penal Code. The evidence fails to show the house where the game was played was a private residence; it further fails to show it was commonly resorted to for the purpose of gaming. It is necessary to prove these matters in order to constitute a violation of the law under this prosecution. The facts show, if there was any betting done, which is a controverted issue so far as appellant is concerned, it was a banking game exhibited and not a game of cards, as charged in the indictment. This would be a variance under the authorities. See Chancellor v. State, 52 Texas Crim. Rep., 464; Vinson v. State, 58 Texas Crim. Rep., 47; Arridondo v. State, 58 Texas Crim. Rep., 145; Averhart v. State, 30 Texas Crim. App., 651; Saw v. State, 33 S. W. Rep., 1078.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*