MALCOLM TIMMONS v. THE STATE.

No. 15354. Delivered May 11, 1932.

The opinion states the case.

*Geo. W. Neill,* of Brownfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Gaming, as defined in article 618, P. C., 1925, is the offense; penalty assessed at a fine of $5.

The complaint charges the offense as follows: "* * * did then and there unlawfully gamble for money, at a game played with dice."

The information contains the same description of the offense as that contained in the complaint. In the charge of the court the offense is described as follows: "That whoever shall bet or wager any money

or other thing of value at any game played with dice, whether the same be known as craps, high or low dice, or die, poker dice or by any other name, shall be fined not exceeding fifty dollars." The charge follows the language of the statute.

It is thought that the complaint and information are not so drawn as to charge the offense denounced by statute. The statute does not apply to all forms of gambling. See Arredondo v. State, 58 Texas Crim. Rep., 145, 124 S. W., 930; also Nelson v. State, 37 Okla. Crim., 90, 256 Pac., 939, and cases collated. Gambling is a broader term than these used in the statute, and includes many other games of chance and devices by which money may be won or lost. See Allen v. Commonwealth, 178 Ky., 250, 198 S. W., 896; 3 Words & Phrases, 3rd Series, p. 850. In charging the offense in question, the language should be restricted to that in substance which is used in defining the offense.

For the reasons stated, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*