John Allen v. The State.

No. 6056.   Decided June 8, 1921.

1.—Gaming—Statutes Construed—Felony—Misdemeanor—Precedent.

In Article 559, Penal Code, it is made a felony for one knowingly to permit his premises to be used as a place for the purpose of being used as a place to bet, or to permit gambling, etc., and an indictment which was drawn under Article 572, Penal Code, will not support a conviction for felony, and the prosecution must be dismissed.   Overruling Robert-son v. State, 70 Texas Crim. Rep., 310.   Following Simons v. State, 56 Texas Crim. Rep., 339.

2.—Same—Statutes Construed—Precedent.

Article 572, Penal Code, was not repealed by the enactment of Article 559, Penal Code, and are not in conflict with each other. Following Francis v. State, recently decided.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of unlawfully and knowingly of permitting property to be used for gambling purposes; penalty, imprisonment in the penitentiary for two years.

The opinion states the case.

*Kirby, King & Keeble,* for appellant.—On question of insufficiency of indictment: Stevens v. State, 159 S. W. Rep., 505; Robertson v. State, 159 id., 713; Parschall v. State, 138 id., 759.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of a felony; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charged the following: ". . . did then and there unlawfully and knowingly permit property and premises there situate and then and there under his control to be used as a place to bet and wager and to gamble with dice then and there played, and did then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games then and there played with dice, against the peace and dignity of the State."

Article 572, Penal Code, reads thus: "If any person shall permit any game prohibited by the provisions of this chapter to be played in his house, or a house under his control, the said house being a public place, or the said premises being appurtenances to a public place, he shall be fined not less than twenty-five nor more than one hundred dollars." (Act. Mar. 5, 1881, p. 17).

In Article 559, Penal Code, it is made a felony for one knowingly to permit his premises to be used "as a place for the purpose of being used as a place to bet" or to permit gambling on his premises nor used as a place where people resort for the purpose of using it as a place to gamble.

The indictment in the instant case is drawn under Article 572, *supra.* An indictment so drawn will not support a conviction of felony. The contrary was held in Robertson v. State, 70 Texas Crim. Rep., 310, in which case, by a divided court, the decision to the contrary rendered in Simons v. State, 56 Texas Crim. Rep., 339, was overruled.

We have reached the conclusion that in holding that Article 572 was not repealed by the enactment of Article 559, the conclusion reached by the unanimous court and expressed in the opinion written by Judge RAMSEY in the Simons case, *supra,* was correct. Our reasons for this view are fully expressed in the case of Francis v. State, No. 5775; this day decided. We deem it unnecessary to repeat them, but order that the judgment of the trial court be reversed and the prosecution upon the count quoted be dismissed.

*Dismissed.*