### EX PARTE LELAND OATES.

#### No. 6687. Decided November 23, 1921.

**1.—Vagrancy—Complaint—Habeas Corpus.**

Where, under an original *habeas corpus* proceedings it appeared that applicant was charged in the Corporation Court of vagrancy and asked release from custody thereunder, this court declines to discuss matters pertaining to the technical deficiency of the complaint upon which the applicant was arrested.

**2.—Same—Statutes Construed—Vagrancy—Repeal of Statute.**

Where applicant is charged in the Corporation Court of Breckenridge with vagrancy under the terms of Subdivision E of article 634, Vernon's C. P., and claims in an original *habeas corpus* proceedings before this court that said article was repealed by the provisions of what is commonly known as the Dean State-wide prohibition law, a motion by the State to dismiss because no trial was had before said Corporation Court is overruled, and the validity of said statute inquired into, but *held*, that said Subdivision E. of article 634, was not repealed by the said Dean Law.

**3.—Same—Vagrancy Defined—Illegally Selling Intoxicating Liquor.**

If one who by reason of continued prostitution, or gambling, or begging, or trading stolen property, become fairly a vagrant, we see no reason for distinguishing one who pursues the business of illegally selling liquor, and a vagrant under this part of said subdivision E, must be shown to have been guilty of illegally selling liquor in enough instances, or for such length of time as to justify the conclusion that such is his ordinary course of conduct, pursuit or manner of procuring a livelihood, and the same is not effected by the Dean law. Morrow, Presiding Judge, concurring conditionally.

**4.—Same—Rehearing—Statutes Construed—More than one sale necessary.**

In his motion for rehearing appellant takes issue with this court's conclusion as expressed in its original opinion, to the effect that one who is sought to be held as a vagrant under subdivision E, article 634, Vernon's P. C., must have been shown to have pursued a course of conduct of some forbidden character in order to bring him properly within the comprehension of the term "vagrant," and calls attention to Subdivision 1, of said article, with reference to the abandonment of wife and child. However, this court adheres to its original opinion that the provisions of said subdivision E, *supra*, must be held to relate to more than one act. Morrow, Presiding Judge, conditionally concurring.

From Stephens County.

Original habeas corpus proceedings asking release from arrest under a complaint in a city Corporation Court for vagrancy under Subdivision E, Art. 634, Vernon's P. C.

The opinion states the case.

*Burkett, Anderson & Orr,* for applicant.

*R. G. Storey,* Assistant Attorney General, and *J. L. Coggan* City Attorney, and *F. L. Harworth,* Assistant City Attorney, for the State.—Cited Ex Parte Tyre L. Ford, 35 L. R. A., N. S., Page 882. Baker v. Bryce, 169 U. S., 384; Ex Parte Smallwood, 221 S. W. Rep., 293; Ex Parte Davis, 215 id., 341; Ex Parte McKay, 199 S. W. Rep., 637; State ex rel. Burgeorn v. Travis County, 174 S. W. Rep., 365.

LATTIMORE, Judge.—A preliminary writ of habeas corpus was granted in this case by a member of our court on November 2, 1921, and made returnable November 9th, at which time the cause was submitted on behalf of both parties. We decline to discuss matters

. pretaining to the technical sufficiency of the complaint upon which the applicant was arrested, the presumption being that when objection to the sufficiency of such pleading is presented to the Corporation Court of the City of Breckenridge, its ruling will be correct; and that if not satisfied therewith an appeal can be taken to the County Court of Stephens County. It is the well settled rule that the sufficiency of the complaint and indictment will not be inquired into upon habeas corpus unless it appear that the accused has exhausted his remedies by appeal, certiorari, etc., or that the law under which the prosecution is brought is for some reason invalid.

Applicant is charged in the Corporation Court of Breckenridge, with vagrancy, under the terms of subdivision E of Art. 634, Vernon's P. C. He claims that said article was repealed by the provisions of what is commonly known as the Dean Law. A motion is made by our Assistant Attorney General to dismiss this application· for the reason that it is shown that no trial has been had before the said Corporation Court of Breckenridge, and that no motion to quash or plea to the jurisdiction has ever been presented to said court, or an appeal to any other court of competent jurisdiction. This might be the better practice, yet in view of the fact that the validity of a statue is the only question involved, it seems to have been the rule of this court in such cases to grant the writ and determine the question if it is sufficiently presented by the record. Vernon's C. C. P., p. 108, subdivision 12. In Ex parte Smallwood, 87 Texas Crim. Rep. 269, no showing was sufficiently before this court of any facts upon which the validity or constitutionality of any law might be attacked.

The ground of this application is, as stated, that subdivision E of Art. 634 was repealed by the enactment of the Dean Law. We regret that we are unable to agree with applicant. He appears to be charged in the corporation court with being a vagrant, to-wit: one who deals in liquor and sells same. A vagrant is defined in the Century Dictionary as "one who strolls from place to place; one who has no settled habitation; an idle wanderer; an incorrigible rogue; a vagabond." We know of no definition of a vagrant seriously at variance from those quoted. We do not think it in consonance with reason or common sense to hold one a vagrant merely by reason of a single act of omission or commission. In our view one can become a vagrant only by reason of a course of conduct, a manner of life. It is entirely in keeping that one who pursues a business violative of public morals or common decency, or whose conduct ordinarily is violative of what might be demanded by good morals or citizenship, may be declared a vagrant, not by reason of one lapse,—but because such conduct has become habitual and been continued long enough to establish his character. This is said as a predicate to the expression of our view that the framers of the pres-

91 Tex.—6

ent vagrancy statute did not intend to say that a single illegal sale of liquor would be sufficient to make one a vagrant within the purview of that Act. The other paragraphs of Article 634, supra, are directed at those who pursue some business or course, or whose conduct fixes their character, and by which they properly become vagrants. This interpretation of the text of said statute, coupled with the rule of reason above referred to, would seem to justify us in the conclusion we have reached. If one who by reason of continued prostitution, or gambling or begging or trading stolen property, becomes fairly a vagrant, we see no reason for distinguishing one who pursues the business of illegally selling liquor. We, therefore, hold that to be a vagrant under this part of said subdivision E one must be shown to have been guilty of illegally selling liquor in enough instances or for such length of time as to justify the conclusion that such is his ordinary course of conduct, pursuit or manner of procuring a livelihood.

There is nothing in the Dean Law governing the pursuit of any illegal business or prosecuting one for engaging therein, or condemning any continued course of conduct. It merely makes penal single acts therein forbidden. We find nothing in the contention of applicant, and his application is denied and he is remanded to the custody of the proper officer from whose restraint he was released by reason of the bond fixed at the time of the preliminary granting of this writ.

*Relator remanded to custody.*

ON REHEARING.

January 18, 1922.

LATTIMORE, JUDGE.—In his motion for rehearing appellant takes issue with our conclusion as expressed in our original opinion, that one who is sought to be held as a vagrant under subdivision (e) of Article 634, Vernon's P. C., must have been shown to have pursued a course of conduct of some forbidden character in order to bring him properly within the comprehension of the term "vagrant." As illustrative of the fallacy of our reasoning as to the purpose and intent of the various subdivisions of said article, appellant calls attention to subdivision (L) thereof, which says that every person who abandons his wife or child, etc., shall be deemed a vagrant. Appellant insists that it appears from the language of said subdivision (L) that one act of abandonment would make of the actor a vagrant. This might be readily conceded, but what constitutes one act of abandonment? One act of going to town, or away from wife and children, or home, would certainly not amount to an abandonment, and this no matter what might be the announced purpose of the husband or father in so going, provided he did not

stay away.  Appellant's illustrations strengthen our views of the purpose of the various subdivisions of Art. 634, supra.  One does not abandon his wife or children until his course of conduct makes it reasonably evident that he not only has gone away from them, but also intends to stay away and to not support them.  A simple withholding of one contribution to their support would not amount to an abandonment, but same must be continued so as to make it a course of conduct.

A comparison of various statutes upon our books which in some way appear to overlap with other laws and which include within their comprehension the same or similar acts, would not appear sufficient ground for holding such laws to be in such vital conflict as to render them inoperative.  Subdivision (L) mentioned by appellant makes abandonment of wife and children to constitute one a vagrant under said Article 634; and an examination of Article 640a a little further on in the statute shows that one who abandons his wife and children is made punishable in another way.  So of many acts which might be mentioned.  We have again considered the matter raised by appellant's motion, but are strengthened in our conclusion that the provisions of subdivision (e)  must be held to relate to more than one act, and must intend to refer to a course of conduct, and appellant's motion for rehearing is, therefore, overruled.

*Overruled.*

MORROW, Presiding Judge,  (concurring in part.)—Whether subdivision   (e) of Article 634 refers to a specific act of the unlawful sale of intoxicating liquor or relates to a course of conduct establishing the status of one engaged in the business of making unlawful sales of intoxicating liquor is a matter upon which the writer entertains some doubt.

Conceding that it refers to a status and not to an individual transaction, no fault is found in the disposition of the matter in the attached opinion.  A discussion of the matter by the writer is not deemed necessary further than to say, in view of his state of mind touching the interpretation of the statue, that it is his desire to refrain from giving full sanction thereto.