## EX PARTE LELAND OATES.

### No. 6688.   Decided November 23, 1921.

**1.—Vagrancy—Companion Case—Practice on Appeal.**

For the reasons set forth in cause No. 6687, Ex Parte C. J. Oates, 238 S. W. Rep., 930, this day handed down, the application for writ of *habeas corpus*, herein, will be denied and relator remanded. MORROW, Presiding Judge, concurring conditionally.

**2.—Same—Rehearing—Practice on Appeal.**

For the reasons stated in an opinion on rehearing this day handed down in cause No. 6687, a companion case hereof, the appellant's motion for rehearing will be overruled.

From Stephens County.

Original application for habeas corpus, asking release under a complaint in a city corporation court for vagrancy.

The opinion states the case.

*Burkett, Anderson & Orr,* for applicant.

*R. G. Storey,* Assistant Attorney General, J. L. Goggans City Attorney, for the State.—Cited cases in companion case.

LATTIMORE, JUDGE.—For the reasons set forth by us in cause No. 6687, Ex parte C. J. Oates, 238 S. W. Rep., 930 this day handed down, the application herein will be denied and relator remanded.

*Relator remanded.*

### ON REHEARING.

### January 18, 1922.

LATTIMORE, JUDGE.—For the reasons stated in an opinion on rehearing this day handed down in cause No. 6687, 238 S. W. Rep.,

930, a companion case hereto, the appellant's motion for rehearing will be overruled.

                                        *Overruled.*

MORROW PRESIDING JUDGE (concurring).—Whether subdivision E. of Article 634 refers to a specific act of the unlawful sale of intoxicating liquor or relates to a course of conduct establishing the statute of one engaged in the business of making unlawful sales of intoxicating liquor is a matter upon which the writer entertains some doubt.

Conceding that it refers to a status and not to an individual transaction, no fault is found in the disposition of the matter in the attached opinion. A discussion of the matter by the writer is not deemed necessary further than to say, in view of his state of mind touching the interpretation of the statute, that it is his desire to refrain from giving full sanction thereto.