### Laura Hawthorne v. The State.

No. 9976. Delivered March 3, 1926.

**1.—Vagrancy—Evidence—Held Sufficient.**

Where, on a trial for vagrancy under the second clause of subdivision (e), Art. 634 of Vernon's P. C., charging that she was a person who unlawfully sold vinous, alcoholic, malt intoxicating liquors, the proof established one sale by direct evidence, and almost positive testimony of another, and other circumstances supporting the view that appellant was illegally engaged in selling such liquor, we hold such evidence sufficient to support the conviction. The Oats case, 81 Tex. Crim. Rep. 79, is not in point, as we held in that case that proof of only one sale was insufficient.

**2.—Same—Evidence—Of Search Warrant—Properly Withdrawn.**

Where several witnesses were questioned about a search warrant under which premises of appellant were searched without objection made, and when the search warrant was offered, the objection of appellant to its introduction was sustained by the court, and the jury instructed not to regard same, no error is shown and the cause is affirmed.

Appeal from the County Court at Law of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction of vagrancy, penalty a fine of $50. The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the County Court of Wichita County at Law of the offense of vagrancy; punishment, fine of $50.00.

Appellant was charged with vagrancy under the terms of subdivision (e), Art. 634, Vernon's P. C. The question of her guilt, both in testimony and as submitted in the charge of the court, was of that character made by the second clause in said subdivision, i. e., that she was a person who unlawfully sold vinous, alcoholic, malt, intoxicating and spirituous liquor.

The State proved one direct sale for $7.20 of 24 bottles of liquor containing 3.41 of alcohol by weight and 4.27 of alcohol by volume; also the witness who so testified went on another occasion to appellant's house with another party, who went in and "came out with something in a sack * * * there were bottles in the sack." Another witness swore that he lived near appellant, and that on the date charged he saw many automobiles, some at night and some in the afternoon, going up and down the alley where appellant's house was. These cars would be parked in the alley, their lights turned out; sometimes there would be half a dozen cars in an hour. Witness would see the parties going into appellant's house. He would hear these cars after he had gone to bed; some as late as three o'clock in the morning. This had been going on for two weeks. The case was submitted to the jury as one on circumstantial evidence, and we are not able to agree with appellant's contention that was said in Ex Parte Oates, 91 Texas Crim. Rep. 79, and if no proof appeared herein save that of one sale, we would not hesitate to reverse the case for lack of testimony, but there being proof positive of one sale, and almost positive testimony of the verdict is without support. We are not unmindful of what another and other circumstances supporting the view that appellant was illegally engaged in selling such liquor, we hold as above stated.

A search warrant and affidavit were admitted in evidence and thereafter excluded by the court. We find nothing in this action reasonably calculated to injure the rights of appellant. Reference to such search warrant, etc., was made by several witnesses, apparently without objection. When offered in evidence appellant objected to same only on the ground that it was defective in what were deemed certain necessary details. When the court excluded said search warrant and affidavit, he instructed the jury not to regard same, and after the jury were so charged appellant presented a peremptory instruction for acquittal, which was refused. We see no error in this action.

There are only two bills of exception in the record which present the two complaints just discussed.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*