### FELIX VINSON v. THE STATE.

No. 334. Decided January 19, 1910.

**1.—Gaming—Indictment—Private Residence.**

In a prosecution charging defendant with having played at a game of cards, it is not necessary that the indictment allege that the game was not played at a private residence. Following Singleton v. State, 53 Texas Crim. Rep., 625, and other cases.

**2.—Same—Insufficiency of the Evidence.**

Where the defendant was charged with playing at a game of cards, and the evidence showed that he did not play at a game of cards or bet on same, but that he exhibited a monte bank at which other players bet, the conviction could not be sustained. Following Askey v. State, 20 Texas Crim. App., 443, and other cases.

Appeal from the County Court of Angelina. Tried below before the Hon. J. T. Maroney.

Appeal from a conviction of playing at a game of cards; penalty, a fine of $10.

The opinion states the case.

*W. J. Townsend, Jr.,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The pleading charged appellant with having played at a game of cards.

1. The indictment is attacked because it failed to state that the game was not played at a private residence. Under the authority of Purvis v. State, 52 Texas Crim. Rep., 342, and Singleton v. State, 53 Texas Crim. Rep., 625, this point is not well taken, and the court did not err in overruling the motion to quash.

2. That the evidence does not support the conviction is also urged for reversal. In this we think appellant's contention should be sustained. The uncontroverted facts show that appellant did not play at a game of cards or bet at a game of cards, but it is shown conclusively that appellant exhibited a monte bank at which the other players bet. Under the authorities appellant could not bet at his own banking game. The owner of the banking game is one against the many, and, of course, takes all bets that are offered on his game or bank; he can not bet at his own bank, but accepts the bets of those who are betting at it. In one sense of the term, of course, he is betting, because he accepts the bets of the others, but this idea does not obtain where the banker is exhibiting his gaming bank or table as has been frequently decided. Askey v. State, 20 Texas Crim. App., 443; Averheart v. State, 30 Texas Crim. App., 651; Shaw v. State, 35 Texas Crim. Rep., 394. We are of opinion, therefore, that the evidence does not sustain the conviction. Appellant, if he exhibited the gaming bank or monte bank, could not be convicted under this form of indictment. The statute makes the exhibition of this character of game an entirely different offense, and punishes it differently from playing cards.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*