### OSCAR CLARK v. THE STATE.
#### No. 374. Decided February 2, 1910.

**1.—Burglary—Possession—Ownership—Variance.**

Under article 862, Penal Code, it is not necessary in order to constitute theft that the possession and ownership be in the same person, and possession of the person unlawfully deprived of property is constituted by the exercise of actual care, control and management of the property, whether the same be lawful or not; and the allegation that the property belonged to W. F. is supported by the proof when that shows that W. F. had the exclusive care, control and management of the property.

**2.—Same—Charge of Court—Exclusive Care and Management of Property.**

Where upon trial for burglary the evidence showed that W. F. had the exclusive care, control and management of the house alleged to have been burglarized, and the court charged that if the jury found beyond a reasonable doubt that the said W. F. had the possession, etc., of the house, although he owned the same jointly with another, the same is sufficient.

**3.—Same—Bill of Exceptions.**

Where, upon appeal from a conviction of burglary, there was no bill of exceptions in the record on the question of the court's refusal to permit defendant to cross-examine a State's witness, the same could not be considered.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for burglary the evidence supported the conviction, the same will not be disturbed.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for burglary with a penalty of two years in the penitentiary.

The indictment in this case charged that appellant did by force, threats and fraud and in the night time break and enter a house owned and occupied by Will Francis without the consent of the said Will Francis and with the intent on the part of the said appellant to take from said house personal property belonging to the said Will Francis. On the trial of the case the witness, Will Francis, testified that the house burglarized was a storehouse, and that the said house and prop-

erty in said house was the property of himself and his father, but that the property was in his exclusive management and control. That his father was a man eighty-four years old and had nothing whatever to do with the management or control of the property. He simply had his money invested in the enterprise. It is claimed by the appellant in this case that this makes a variance and that the court should have directed a verdict of not guilty, because of the failure on the part of the State to allege the possession and ownership of the property to be in partnership. Article 862 of the Penal Code declares it is not necessary in order to constitute theft that the possession and. ownership be in the same person and possession of the person unlawfully deprived of property is constituted by the exercise of actual care, control and management of the property, whether the same be lawful or not. It is not necessary that possession and ownership be in the same person. We, therefore, hold that the allegation in the indictment that the property belonged to Will Francis is supported by the proof when the proof shows that Will Francis had the exclusive care and control and management of the property.

The second ground of the motion for new trial is that the court erred in giving the following charge: "In regard to allegation of the ownership of the house in Will Francis you are instructed that if you find from the evidence beyond a reasonable doubt that said Will Francis had the possession, charge and control of the said house and owned the same jointly with another then said Will Francis would be in law the owner of the said house." It is contended that this charge is contrary to the law and not applicable to the facts proven in that said charge does not require the exclusive possession and control of the house to have been in Will Francis, and the evidence showed that it was not in his exclusive possession and control. We think, first, that the charge of the court was correct, and second, the facts show that the said Will Francis had the exclusive care, control and management of the property.

The third ground of the motion is that the court erred in not permitting the appellant on cross-examination of the State's witness Sanders, to ask him certain questions. The same can not be considered in the absence of a bill of exceptions.

The fourth ground that the verdict of the jury is not supported by the evidence is not well taken. The State's case was made out by circumstantial evidence. The house was burglarized at night-time; there had been a slight snow on the night of the burglary and the. tracks led directly from the broken window to the home of appellant. There were peculiar marks in these tracks; the appellant's shoes were shown to have peculiar marks upon them that corresponded exactly with the tracks found leading from the burglarized store. We can not say that the evidence is not sufficient to sustain the conviction.

The judgment is therefore affirmed.

*Affirmed.*