### SAM CHAPMAN v. THE STATE.

No. 1336.  Decided November 1, 1911.

**Gaming—Indictment—Playing Cards.**

An indictment for unlawfully playing at a game of cards must show that the game was played at a place where such playing of cards is prohibited; and where the indictment simply alleged that the defendant unlawfully bet and wagered money at a game played with cards, the same was insufficient. Following Purvis v. State, 62 Texas Crim. Rep., 302.

Appeal from the County Court of Gray.  Tried below before the Hon. R. E. Williams.

Appeal from a conviction of unlawfully playing cards; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of sufficiency of indictment: Purvis v. State, 52 Texas Crim. Rep., 342; Singleton v. State, 53 Texas Crim. Rep., 625; Long v. State, 22 Texas Crim. App., 194; Day v. State, 27 Texas Crim. App., 143.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Gray County, charged with betting and wagering money at a game played with cards, the indictment reading as follows: "In the name and by the authority of the State of Texas. The grand jurors for the county of Gray, State aforesaid, duly organized at the March term, A. D. 1911, of the District Court of said county, upon their oaths present that Sam Chapman on or about the 1st day of October, One Thousand Nine Hundred and Ten, and anterior to the presentment of this indictment, in the county of Gray, and State of Texas, did then and there unlawfully bet and wager money at a game played with cards against the peace and dignity of the State."

Appellant filed a motion to quash the indictment, and also in arrest of judgment on the ground that the indictment alleged no offense. This indictment was brought under article 379 of the Penal Code, which reads as follows: "If any person shall play at any game of cards at any house for retailing spirituous liquors, storehouse, tavern, inn, or other public house, or in any street, highway or other public place, or in any outhouse where people resort, or at any place except a private residence occupied by a family; or if any person shall bet or wager any money or other thing of value, or representative of either, at any game of cards, except in a private residence occupied by a family, and the provisions of this act that permits gaming in a private residence shall not apply in case such residence is one commonly resorted to for the purpose of gaming, he shall be fined not less than ten nor more than twenty-five dollars. (Amended Act 27th Leg., General Laws, p. 26, March 12, 1901.)"

In the case of Purvis v. State, 62 Texas Crim. Rep., 302, 137 S. W. Rep., 701, it was held that under the law in force in this State it only makes the playing of cards in a private house a violation of the law when such house is commonly resorted to for gaming. The offense is not constituted by playing or betting at a game of cards, but it is only when played at one of the houses or places named in the statute, or a private house commonly resorted to for gaming that it becomes an offense. The indictment is defective, and the motion to quash should have been sustained.

The indictment should always allege that the game of cards was played at a house for retailing spirituous liquors, storehouse, tavern, inn, or other public place (describing it), or in a street, highway or other public place (describing it), or in an outhouse where people resort, or at some place other than a private house occupied by a family, or if the gaming took place at a private residence occupied by a family, then the further allegation should be made that such residence was commonly resorted to for gaming.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed*