### Fred Johnson v. The State.

#### No. 1493. Decided January 31, 1912.

**Gaming—Indictment—Private Residence.**

   Where, in a prosecution for gaming, the indictment failed to allege that the betting on a game of cards did not occur at a private residence occupied by a family, the same was fatally defective. Following Chapman v. State, 63 Texas Crim. Rep., 494.

Appeal from the County Court of Gray. Tried below before the Hon. R. E. Williams.

Appeal from a conviction of unlawfully betting at a game of cards; penalty, a fine of $10.

The opinion states the case.

*J. C. Dial,* for appellant.—On question of insufficiency of indictment: McCollum v. State, 49 Texas Crim. Rep., 383; Wilkerson v. State, id., 170; Hipp v. State, 45 id., 200; Purvis v. State, 62 Texas Crim. Rep., 302, 137 S. W. Rep., 701; Fleming v. State, 62 Texas Crim. Rep., 653, 139 id., 598.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—This case is a companion case to the cases of Chapman v. State, 63 Texas Crim. Rep., 494, from Gray County recently decided by this court and reported in 140 S. W., 441-

442, and also of the case of George v. State, 65 Texas Crim. Rep., 91, this day decided.

The indictment in this case, as to the charging part is precisely the same as in the said Chapman cases and it must be reversed and dismissed on the same grounds which will be the order of this court.

*Reversed and dismissed.*