### NORMAN GEORGE v. THE STATE.

#### No. 1517.  Decided January 31, 1912.

**Gaming—Indictment—Private Residence.**

Where, in a prosecution for gaming, the indictment failed to allege that the betting on a game of cards did not occur at a private residence occupied by a family, the same was fatally defective. Following Purvis v. State, 62 Texas Crim. Rep., 302, and other cases. Overruling Purvis v. State, 52 Texas Crim. Rep., 342; Singleton v. State, 53 id., 625.

Appeal from the County Court of Hood. Tried below before the Hon. J. P. Mahan.

Appeal from a conviction of unlawfully betting at a game of cards; penalty, a fine of $15.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted charging "that he did unlawfully bet at a game played with cards," fixing the time and venue.

It is unnecessary to pass upon any of the questions attempted to be raised, except by appellant's motion in arrest of judgment on the ground that the indictment did not charge that the betting on a game of cards did not occur at a private residence occupied by a family. It is unnecessary to discuss this question. Such an indictment has recently been passed upon by this court in Chapman v. State, 63 Texas Crim. Rep., 494, 140 S. W., 441, and such an indictment held fatally defective.

The officers and grand jury seem to be misled by the decision of this court in Purvis v. State, 52 Texas Crim. Rep., 343, and Singleton v. State, 53 Texas Crim. Rep., 625. These cases were modified or overruled by this court in an opinion by Presiding Judge Davidson in Purvis v. State, 62 Texas Crim. Rep., 302, 137 S. W., 701. Under the authority of the Chapman case, supra, and the Purvis case, 62 Texas Crim. Rep., 302, 137 S. W., 701, the judgment in this case must be reversed and the cause ordered dismissed.

*Reversed and dismissed.*