### JERRY SHELTON v. THE STATE.

No. 1599.   Decided March 6, 1912.

**Gaming—Indictment.**

Where the indictment charged that the defendant unlawfully bet at a game played with cards without alleging where the game was played, the same was insufficient. Following Chapman v. State, 63 Texas Crim. Rep., 494.

Appeal from the County Court of Hood. Tried below before the Hon. J. P. Mahan.

Appeal from a conviction of a violation of the gaming law; penalty, a fine of $10.

Leaving out formal averments, the indictment charged that the defendant unlawfully bet at a game played with cards, etc.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of unlawfully betting at a game played with cards.

The indictment is fatally defective, and the motion of appellant to quash the same should have been sustained. The identical question presented in this case was decided by this court in the case of Chapman v. State, 62 Texas Crim. Rep., 494; and Johnson v. State, decided at this term of the court, and which are here referred to.

The judgment is reversed and prosecution ordered dismissed.

*Dismissed.*