## JERRY FRANCIS V. THE STATE.

### No. 5775.    Decided June 8, 1921.

1.—Gaming—Statutes Construed—Repeal—Legislative Intent—Revision of Code.

Article 572, P. C., was first enacted in 1881; Article 559, P. C. dates from 1907. In the revision of the Penal Code, adopted in 1911, both are included.

By a majority opinion, this court, in Robertson v. State, 70 Texas Crim. Rep., 310, decided in substance that Article 559, by implication, repealed Article 572, and that in adopting the revised Penal Code containing Article 572, the Legislature acted inadvertently and that in consequence thereof, Article 572 was not a part of the law. We cannot agree to this construction of the statutes. Following Simons v. State, 56 Texas Crim. Rep., 339.

### 2.—Same—Codification and Revision of Statutes—Inadvertence—Rule Stated.

It may be conceded that there are instances in which repealed statutes having been re-enacted in revision have been held inoperative, upon the theory that their re-enactment was inadvertent; but this rule does not apply to Article 572, supra. Neither can it be held that this Article was repealed by implication by the enactment of Article 559, supra. Following Simons v. State, supra.

### 3.—Same—Statutes Construed—Repeal—Revision of Statutes.

Article 572, supra, was not only brought forward as an unrepealed law, but the decision of this court judicially determining that it was not repealed by implication, or otherwise, in the passage of Article 559, supra, was considered and brought to the attention of all concerned; and in the light of its history, this court is unable to persuade itself that before the adoption of the Revised Statutes of 1911, Article 572, supra, had been repealed or that it was incorporated in the revision by inadvertence.

### 4.—Same—Statutes Construed—Legislative Intent—Codification.

The Legislature, in the bill, providing for a codification, carefully prohibited the bringing forward of repealed laws. The incorporation of Article 572, supra, in the revision, implies that the codifiers regarded this article as a vital part of the law, this being emphasized by reference to a decision (Simons v. State, supra) of the court passing directly upon it, and the conclusion must be that the article was by the Legislature consciously left in the statutes with the intention that it should receive the interpretation which had been given it by the court.

### 5.—Same—Revision of the Statute—Rule Stated—Interpretation of Statutes.

In the interpretation of re-enacted Statutes, the court will follow the construction which they received when previously enforced. The Legislature will be presumed to know the effect which such statutes originally had, and by re-enactment to intend that they should again have the same effect. Following Lewis v. State, 58 Texas Crim. Rep., 361.

### 6.—Same—Statutes Construed—Misdemeanor—Felony—Legislative Intent.

The construction given the statute in Simons v. State, supra, is consistent with that previously given a part of the same law in the Walters Case, 58 Texas Crim. Rep., 240, 125 S. W. Rep., 12. and that by accepting the view, under Article 572, supra, it was intended to punish one who merely suffered a prohibited game to be played on his premises by a fine, and not to put him on a parity with one who maintained his premises for the purpose of being used as a place to bet, which was made a felony by Article 559, supra. And this construction must be presumed to have been within the minds of the Legislature when it adopted the code of 1911.

### 7.—Same—Indictment—Felony—Misdemeanor.

In accord with the above views, this court is constrained to hold that the offense charged in the indictment in the instant case is not a felony, but more nearly a misdemeanor, but is also inadequate as such, for the reason that it omits an essential part of the statute, and the conviction cannot be sustained for a felony and the judgment must be reversed and the cause remanded and dismissed.

**8.—Same—Other Provisions of the Law—Revised Penal Code—Attention of Legislature.**

In passing, this court deems it not inappropriate to say that there are provisions of the law against gaming as contained in Chapter 4, Title 11, of Revised Penal Code of 1911, which are obviously in conflict with each other, and that the elimination of this perplexity is a fit subject for the attention of the Legislature.

Appeal from the District Court of Smith. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of a violation of the gaming law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lassater & Gentry,* and *Johnson & Edwards,* for appellant. —Cited Borches v. State, 21 S. W. Rep., 192; Payne v. State, 17 Texas Crim. App., 40; McRay v. State, 18 id., 331; Parshall v. State, 138 S. W. Rep., 778; Simons v. State, 120 id., 208; State ex rel. Crow v. St. Louis, 73 S. W. Rep., 623; Walters v. State, 125 S. W. Rep., 11.

*Alvin M. Owsley,* and *C. G. Calhoun,* District Attorney, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—Appellant was convicted for violation of the gaming law; punishment fixed at confinement in the penitentiary for two years.

The count in the indictment upon which the conviction rests contains the following: ". . . did then and there unlawfully and knowingly permit property and premises there situate and then and there under his control to be used as a place to bet and wager and to gamble at games played with cards then and there played, and did then and there unlawfully and knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games and then and there played with cards."

From the charge we quote the following: "Our law provides that if any person shall knowingly permit property or premises of which he is owner, or which is under his control, to be used as a place to bet or wager or to gamble with cards, or as a place where people resort to gamble, bet or wager upon anything whatever, shall, upon conviction, be punished by confinement in the penitentiary not less than 2 nor more than 4 years."

The statute upon which the conviction purports to rest is Article 559, which reads thus: "If any person shall rent to another, or shall keep or be in any manner interested in keeping, any premises, building, room or place for the purpose of being used as a place to bet or wager, or to gamble with cards, dice, dominoes, or to keep or exhibit for the purpose of gaming, any bank, table, alley, machine, wheel or device whatsoever, or as a place where people resort to gamble, bet or wager upon

anything whatever, or shall knowingly permit property or premises of which he is owner, or which is under his control, to be so used, shall be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than four years, regardless of whether any of the above mentioned games, tables, banks, alleys, machines, wheels or devices, or things, are licensed by law or not; and any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any fees, money, or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting."

We also quote Article 572: "If any person shall permit any game prohibited by the provisions of this chapter to be played in his house, or a house under his control, or upon his premises, or upon premises under his control, the said house being a public place, or the said premises being appurtenances to a public place, he shall be fined not less than twenty-five nor more than one hundred dollars."

Article 572 was first enacted in 1881; Article 559 dates from 1907. In the revision of the Penal Code adopted in 1911 both are included. By a majority opinion, this court, in Robertson v. State, 70 Texas Crim. Rep., 310, decided, in substance, that Article 559, by implication, repealed Article 572, and that in adopting the Revised Penal Code containing Article 572 the Legislature acted inadvertently and that in consequence thereof Article 572 was not a part of the law. Notwithstanding the decision mentioned, appellant insists that Article 572 is in force and that thereby the acts with the commission of which he is charged and convicted are not felonies but misdemeanors; that it was not the intent of the Legislature to denounce as a felony one who merely suffered the playing of a prohibited game in his house, but to become a felony the proof must show more than the mere sufferance or acquiescence in the gaming; that it must show that the premises were kept *"for the purpose of being used as a place"* to gamble or to exhibit a banking game where people resort to gambling. Sanction of this view is drawn from the language of Article 559 which differs from that of Article 572 by the inclusion of the words quoted and italicized above. Reference is made to the case of Walters v. State, 58 Texas Crim. Rep., 240; 125 S. W. Rep., 12, as giving support to the construction of the statutes contended. From the opinion of the court, written by Judge Ramsey, in that case, we take the following quotations:

"In this connection it should be stated that the prosecution in this case was under article 388f (Acts 30th Leg., p. 109), which article reads as follows: 'If any person shall go into or remain in any gambling house, knowing the same to be such, or shall remain in any place where any of the games prohibited by this act are within his knowledge being played, dealt or exhibited, he shall be punished by a fine of not less than twenty-five nor more than fifty dollars. Gambling

house and gaming house, as used in this act, is meant any place where people resort for the purpose of gaming, betting or wagering.' "

"We think from the language of the act referred to, 'If any person shall go into or remain in any gambling house, or remain in any place where any of the games prohibited by this act are within his knowledge being played,' taken in connection with the language 'gambling house and gaming house,' is meant any place where people resort for the purpose of gaming, betting or wagering, and that it was intended to make it an offense for persons to frequent gambling halls where people resorted, and where the same are conducted, in a sense, continuously. The evils the Legislature had in mind were no doubt to prevent patronage and frequenting of such places by persons who might be tempted into evil conduct, or where in such centers of vice the idle, the vicious, and the corrupt might become a menace to society, and be provoked to breaches and violations of the law. In this case the house was a private residence. The evidence does not show it was a gaming house, in the sense in which that term is used. True, a private residence may become a gambling house, if continuously or even frequently resorted. to for this purpose; but the house here is not made to appear by the evidence to be such a place. It was not intended, we think, by the Legislature, to make it an offense for one who either as a guest, visitor, or inmate of a house failed to flee from same as from a scourage, because without his knowledge and probably without his consent other inmates or persons were for the time being engaged in gaming. The whole tenor of. the act above quoted manifestly bears this construction."

This view was also considered and rejected by the majority court in Robertson v. State, supra. It cannot be denied that the language adopted is not the same and that Article 559 is susceptible of the construction that the "permitting" therein referred to was "for the purpose of being used as a place" etc. To hold' that the acts charged in the indictment are punishable as felonies and not as misdemeanors, it becomes necessary to decide: first, that in the adoption of Article 559, Article 572 was repealed by implication; second, that in reenacting Article 572 in the Revised Penal Code of 1911, the Legislature did so unconsciously and with no intent that that article should have a vital place in the law. It may be conceded that there are instances in which repealed statutes, having been reenacted in revision, have been held inoperative upon the theory that their reenactment was inadvertent. Sutherland. on Statutory Construction, Vol. 1, 2nd Edition, Sec. 281, and Vol. 2, 2nd Edition, Sec. 451; Lyon v. Ogden, 85 Maine, 374; Olson v. Haritwen, 57 Fed. Rep., 849; Bank v. Patty, 16 Fed. Rep., 751. To apply this principle to Article 572 it is necessary first to inquire whether Article 572 was, in fact, repealed by implication by the enactment of Article 559. Upon this the decision of this court in Simons v. State, 56 Texas Crim. Rep., 339, had a direct and definite

bearing. Simons was charged with the offense of "permitting gambling" in his house. The indictment was drawn under Article 572, supra, and he was charged and convicted of a misdemeanor. Upon appeal he assailed the judgment upon the ground that Article 572 was repealed by the enactment of Article 559. The members of the court were unanimous against this contention. Judge Ramsey, in writing the opinion, thus expressed the conclusion of the court:

"It is elementary that repeals by implication are not favored. The Act of the Thirtieth Legislature does not in terms repeal the Act on which this prosecution was based, nor does it do so by any reasonable or fair inference, and that it was not the intention so to do we think it is so manifest and clear as to admit of no doubt."

In deciding the Robertson case, supra, the majority of the court held that the previous opinion rendered in the Simons case, *supra,* was unsound and overruled it. If all question as to the accuracy of that holding be waived, the inquiry whether in reenacting Article 572 the Legislature acted advisedly or inadvertently cannot be overlooked. Bearing upon that question, we refer to the act of the Legislature passed in 1907 in which a revision of the Penal Code was directed and provided for. Acts of the Thirtieth Legislature, Chap. 180, Gammel's Laws, New Series, Vol. 2, page 377.

Section 1 makes it the duty of the Governor to appoint commissioners to "revise and digest laws—civil and criminal."

From Section 2 we quote: "Said commissioners shall adopt such of the revised statutes, civil and criminal, as shall not have been repealed or amended."

Section 4, we quote: "Said commissioners shall embody the result of their labors in two bills; one containing the entire body of civil and the other the entire body of the statutes relating to criminal law, properly indexed, which bills said commissioners shall report to the Governor before the meeting of the Thirty-first Legislature; and it shall be the duty of the Governor upon receipt of said bills, and reports, to cause five hundred copies of same to be printed at the expense of the State; and said copies shall be delivered to the Secretary of State for use of the Legislature."

Section 5 provided for the supervision and printing by the Commissioners and their compensation therefor.

Pursuant thereto the commissioners were appointed and presented a bill, which was enacted by the Legislature, and from which we quote Section 1: "BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS, That the following titles, chapters and articles shall hereafter constitute the PENAL CODE of the State of Texas."

Section 3 reads thus: "It is provided, however, that the annotations under the several articles of the Penal Code and the Code of Criminal Procedure shall not be construed to be any part of either of said codes."

Included in this bill under Article 572 is the annotation reading thus: *"This article is not repealed either in terms or by implication by the Acts of the Thirtieth Legislature, Page 107."* (Simons v. State, 56 Texas Crim. Rep., 339).

It is thus made manifest that in the operation of revising and codifying the criminal laws by the commissioners, who were learned and distinguished citizens of the State, the preparation of the bill for adoption, the supervision of the printing, and the passage by the legislative branch of the government, Article 572 was not only brought forward as an unrepealed law but the decision of this court judicially determining that it was not repealed by implication or otherwise in the passage of Article 559, supra, was considered and brought to the attention of all concerned. In the light of its history, we are unable to persuade ourselves that before the adoption of the Revised Statutes of 1911, Article 572 had been repealed or that it was incorporated in the revision by inadvertence.

That part of the case of Robertson v. State, supra, holding that it was repealed and readopted by inadvertence apparently proceeds in accord with a presumption at variance with the obvious facts. That the Legislature, in which there were many eminent lawyers, in performing so important a duty as the reenactment of the Penal Code, were unconscious of the fact that two years before the court of last resort in the State held Article 572 was not repealed, is a presumption which is not to be made in the absence of convincing facts. Especially is this true when, under the article in question, as contained in the revision, there was noted the fact, endorsed by the codifiers, that the status of the article had been judicially determined. The Legislature, in the bill providing for a codification, carefully prohibited the bringing forward of repealed laws. The incorporation of Article 572, in the revision, implies that the codifiers regarded the article as a vital part of the law, and this being emphasized by reference to a decision of the court passing directly upon it, we think the more reasonable and fair conclusion is that the article was by the Legislature consciously left in the statute with the intention that it should receive the interpretation which had been given it by the court. Granting that it was consciously reenacted, its effect is not difficult of ascertainment. Mr. Black, in his work on the Interpretation of Laws, page 369, said:

"When the Legislature revises the statutes of the State, after a particular statute has been judicially construed, without changing that statute, it is presumed that the Legislature intended that the same construction should continue to be applied to that statute."

This principle has often received the sanction, notably in the case of Gulf, etc. Ry. v. Fort Worth, etc. Ry., 68 Texas Reports, 98, and of this court in Lewis v. State, 58 Texas Crim. Rep., 361. In the last named case, there is quoted from Sutherland on Statutory Construction, the following quotation:

"In the interpretation of reenacted statutes the court will follow the construction which they received when previously in force. The Legislature will be presumed to know the effect which such statutes originally had, and by reenactment to intend that they should again have the same effect."

The construction given the statute in Simons v. State, *supra,* is consistent with that previously given a part of the same law in the Walters case, supra, in that by accepting the view that under Article 572 it was intended to punish one who merely suffered a prohibited game to be played on his premises by a fine, and not to put him on a parity with one who maintained his premises "for the purpose of being used as a place to bet," which was made a felony by Article 559. That the Legislature should have regarded one who merely permitted a game played on his premises as worthy of a milder punishment than that imposed on the keeper of a gambling house or the maintainer of a place for the purpose of gambling seems in consonance with the policy reflected by the criminal law of this State of classifying the offenses and grading the punishment of the offenders in accord with the act committed and not to make those guilty of the less culpable act; the one least offending against the good order of society amenable to the same punishment as that prescribed for the worst. Such was the intent imputed to the Legislature in the interpretation of the law by this court in Simons v. State, the accuracy of which had not been questioned when Article 572 was afterwards incorporated in the revision of the Code, and such is the construction which, upon established principles controlling the interpretation of laws, must be presumed to have been within the minds of the Legislature when it adopted the Code of 1911. In accord with this view, we are constrained to hold that the offense charged in the indictment upon which the conviction rests is not a felony but more nearly a misdemeanor; that it will not support the conviction for felony. The above count in the indictment is also inadequate to support a conviction for misdemeanor for the reason that it omits an essential part of the statute, namely: that part of it which limits the operation of the statute to a house which is a public place or premises appurtenant to a public place.

In passing, we deem it not inappropriate to say that there are provisions of the law against gaming as contained in Chapter 4, Title 11, of the Revised Penal Code of 1911 which are obviously in conflict with each other. Among these may be mentioned Article 551, which denounces the offense of "keeping or exhibiting gaming tables," etc. as a misdemeanor, and Article 558, which declares the same acts a felony, and Article 573 which prescribes a misdemeanor penalty for the offence of renting a house "for the purpose of being used as a place for gaming," which is also irreconcilable with Article 559. Both Articles 551 and 573 were in the old gaming law, and it was held in the case of Robertson v. State, supra, and Stevens v. State, 70 Texas Crim. Rep.,

565, that these articles were repealed by implication in the passage of the Act of the Thirtieth Legislature, Chap. 49. The status of the articles mentioned is distinguished from Article 572 in that the latter is not in such conflict with any of the provisions of Chapter 49, Acts of the Thirtieth Legislature, supra, as would necessarily imply its repeal upon the passage of that act, and the fact that its consistency with that chapter had been judicially determined at the time it was embraced in the revised edition of the Code.

Concerning the other articles mentioned, Articles 551 and 573, they are not, in the present case, in question, but the confusion resulting from their inclusion in the revision of the code, and from the marked difference of opinion touching the effect of so bringing them forward as manifested in the majority and dissenting opinions in the cases of Robertson v. State, and Stevens v. State, supra, we believe that the elimination of the perplexity is a fit subject for the attention of the Legislature.

For the reasons stated it is ordered that the judgment of the trial court be reversed and the prosecution, so far as it relates to the count in the indictment mentioned, dismissed.

*Reversed and dismissed.*