### J. H. HARVEY v. THE STATE.

No. 7146.   Decided November 1, 1922.

Rehearing Denied November 22, 1922.

**1.—Keeping Gaming House—Duplicity of Pleading—Surplusage.**

Where, upon trial of keeping a gaming house, the indictment was assailed as being duplicitous because it charged both a felony and a misdemeanor in the same count, but it appeared from the record that the conviction rested upon the submission of the first part of the indictment which properly charges a felony, the remaining part of the indictment may be considered as surplusage. Following Smith v. State, 81 Texas Crim. Rep., 534, and other cases.

**2.—Same—Election by State—Rule Stated.**

Where the indictment embraced but one offense and was supported by the evidence, there was no error in refusing to require an election

by the State, the defendant's rights were sufficiently protected by the action of the court in eliminating the second phase of the indictment. Following Crosslin v. State, 90 Texas Crim. Rep., 469.

### 3.—Same—Vagrancy—Repeal—Statutes Construed.

The contention that Article 559 of the Penal Code, defining the keeping of a gaming house, etc., is so in conflict with the Act of the Thirty-first Legislature, page 111, defining and punishing vagrancy, so as to operate an implied repeal is untenable. Following Fridge v. State, 90 Texas Crim. Rep., 76, and other cases.

### 4.—Same—Rehearing—Sufficiency of the Evidence.

Where appellant in his motion for a rehearing contended that the evidence adduced upon the trial failed to establish sufficiently the fact that appellant was either the keeper or one interested in the keeping of the building or room kept for the purpose of being used as a place to gamble with cards, held that after careful consideration the motion must be overruled, and the conviction sustained.

### 5.—Same—Repeal—Vagrancy—Keeping Gaming House.

This court must hold to its conclusion that Article 559, P. C., was not repealed by the statute making a vagrant of one who keeps a house for gaming. Distinguishing Ex parte Oats, 238 S. W. Rep., 930; Fridge v. State, 233 S. W. Rep., 979.

### 6.—Same—Evidence—Bill of Exceptions.

Where a bill of exceptions fails to measure up to the rule in such cases announced by this court and simply makes a statement of the objection without verification, the same cannot be considered on appeal.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S'. Munson.

Appeal from a conviction of keeping a gaming house for the purpose of its being used for gaming; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

A. E. and *Carlos B. Masterson*, for appellant.—Cited: Ex parte Oats, 238 S. W. Rep., 930; Fridge v. State, 90 Texas Crim. Rep., 76; Macham v. State, 109 S. W. Rep., 126.

On question of insufficiency of indictment: McKenzie v. State, 25 S. W. Rep., 426; Scales v. State, 81 id., 947; Allen v. State, 232 S. W. Rep., 517; Francis v. State, 233 id., 974; Harris v. State, 117 id., 839.

*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—The conviction is for keeping a gaming house; punishment assessed at confinement in the penitentiary for a period of two years.

The count in the indictment upon which the conviction rests reads thus: " . . . did then and there unlawfully keep and was then and there interested in keeping a building and room there situate for the purpose of being used as a place to bet and wager and gamble with cards then and there played, and did then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games then and there played with cards."

It was assailed as duplicitous, the point being made that it charged both a felony and a misdemeanor in the same count, the felony consisting in the allegation that "the house was kept for the purpose of being used as a place to bet and wager and gamble with cards then and there played." This part of the indictment is sufficient to charge a felony under Article 559 of the Penal Code. (See also Fridge v. State, 90 Texas Crim. Rep., 77). It is urged that the remaining part of said indictment charging that he did: "Then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games then and there played with cards" charged a misdemeanor.

The last-mentioned part of the indictment was not submitted to the jury. The conviction rests upon the submission of the part first mentioned. However, the second part of it does not, 'in our opinion, charge a misdemeanor. To charge a misdemeanor, it would be necessary that it allege that the house was a public place or appurtenant to a public place. (See Penal Code, Art. 572; Francis v. State, 90 Texas Crim. Rep., 74.)

Standing alone it may not charge a felony because it is not averred in that paragraph that the appellant permitted said property *to be kept for the purpose of being used as a place where people resorted to gamble*. The first part of the indictment being sufficient to charge a felony, the second part being incomplete for that purpose, could, under the well-established rule, be rejected as surplusage. Nicholas v. State, 23 Texas Crim. App., 326; Smith v. State, 81 Texas Crim. Rep., 534; Todd v. State, 89 Texas Crim. Rep., 104.

The evidence is to the effect that the appellant conducted a confectionary store and that in a room connected therewith in the back end of the same building gambling was conducted. The gambling . was done with cards; appellant banked the games and took part of the wagers to compensate him for the use of the premises. He sold chips which were used in the games and cashed the chips at the end of the games. He had an assistant, who, at times, attended to banking the games. These transactions occurred a number of times. There was evidence that the room was equipped for the purpose of gambling and was habitually used for that purpose with the knowledge and consent of the appellant, and that he participated in the games.

Some of the evidence was controverted, but such was the State's case.

The indictment embraces but one offense. The transactions set out being such as were proved by the same evidence, there was no error in refusing to require an election by the State as to which transaction would be relied upon. Appellant's rights in this respect were sufficiently protected by the action of the court in eliminating from the consideration of the jury the second phase of the indictment. See Branch's Ann. Tex. Penal Code, Sec. 444; Crosslin v. State, 90 Texas Crim. Rep., 469.

It is urged that Article 559 of the Penal Code is so in conflict with the Acts of the Thirty-first Leg., p. 111, defining and punishing vagrancy as to operate an implied repeal.

The point presented was necessarily decided adversely to the appellant's contention when the statute under consideration was upheld in the case of Fridge v. State, 90 Texas Crim. Rep., 76. Among the persons designated as vagrants is "every keeper of a house of gambling or gaming." Penal Code, Article 634. It was decided by this court that the enactment of this vagrancy statute did not repeal the gambling statute, Article 559, *supra*. See Parshall v. State, 138 S. W. Rep., 759. The decision in that case was not unanimous, but the subject has since been discussed in substance in the cases of Ex parte Oates, 91 Texas Crim. Rep., 79. In these cases it was held that the vagrancy law refers to a *status* and not to individual transactions. The particular matter there involved related to violation of the law against the sale of intoxicating liquors. The principle upon which the relator in the Oates cases relied is identical with that relied on by the appellant; and the Oates cases, *supra*, must be regarded as affirming the rule applied in the case of Parshall v. State, *supra*.

All bills of exceptions found in the record have been carefully examined. In none of them have we found any matter that would warrant a reversal of the judgment.

It is therefore affirmed.

*Affirmed.*

ON REHEARING.

November 22, 1922.

LATTIMORE, JUDGE.—It is argued with much force in support of this motion that the evidence adduced failed to establish sufficiently the fact that appellant was either the keeper or one interested in the keeping of a building or room kept for the purpose of being used as a place to gamble with cards. We have again carefully gone through the facts, the result being that we are more thoroughly convinced of the correctness of our decision in upholding the verdict upon the testimony. It was in testimony beyond dispute apparently, that

the room in question was used as a place where people should meet and gamble. One witness testified that he gambled there almost constantly during one entire season, and that the game was being run for the profit of some person who had the take-off of every game. This witness testified that from every pot formed there was a chip taken out, evidently for the benefit of those who kept or were interested in keeping said place. He testified that either appellant or one other person whom he said was McGrew, took out that which was for the benefit of the house. When appellant was present he took it out and when he was not present McGrew took it out. This witness said that when McGrew relieved appellant or appellant relieved McGrew, that the one coming into the game would take the hand of the other and play it out. It was in testimony that appellant carried the key to said room, and when he was conducting the game or when the game broke up, that he would lock up the room. His constant presence during the time charged in the indictment, his undeniable interest in the profits of the gaming transaction, his interest in the business being carried on in the front part of the house, his apparent control of the room in which the gambling was done, which was merely a small room cut off by a partition from the cold drink stand and confectionary carried on and run in the front part of the building, would seem to us to sufficiently make out the State's case. The fact that the appellant and his witnesses denied the facts testified to by the State witnesses and that their evidence if believed would bring the State's case in doubt, would not justify us in concluding that the evidence introduced by the State was insufficient or untrue.

We adhere to our conclusion that Article 559 of the Penal Code was not repealed by the Statute making a vagrant of one who keeps a house for gaming. We do not think there is anything in the case of Ex parte Oats, 91 Texas Crim., Rep., 79, 238 S. W.. Rep., 930, or Fridge v. State, 90 Texas Crim. Rep., 75, 233 S. W. Rep., 979, which supports the proposition advanced by appellant in this regard.

Appellant again urges that we should have sustained his objection to the testimony of the witness Letz. Reference to the bill of exceptions shows that the question propounded to said witness was as follows: "It is charged here in the indictment, Mr. Letz, that Mr. Harvey kept and was interested in keeping a building and room where people resort for the purpose of gambling. Did you ever gamble back there—play cards in Mr. Harvey's place?" The objection stated in said bill was that there was no testimony that Mr. Harvey had any place and that witness should not be permitted to testify relative to gambling anywhere until the State had connected the defendant with the ownership or right of possession to the building or room referred to in the indictment. The objection being overruled witness answered: "Mr. Harvey was running a confectionary.

I understood that was his place. I saw him in there frequently. Yes, there was a separate room set off in one corner in the back room of this building where people went to play cards. Sometimes we would have a game in there. Yes, I have played in there sometimes. Sometimes when he was playing in there he would bank the game and sometimes a fellow by the name of McGrew would bank it. When I say 'he' I mean the defendant Harvey.'' There is other testimony set out in this bill of exceptions. The bill of exceptions fails to measure up to the rules in such cases announced by this court frequently. A statement in the bill of an objection for a certain reason, is not tantamount to a showing of the fact that such statement is true. A statement of an objection based on the fact that there was no testimony before the court showing that this appellant had any place, or was the owner or had some interest in the room described in the indictment, would not be tantamount to a showing in the bill of the fact that such statement was true, and would not be taken by this court to be true because of the fact of its appearing in such objection. There is nothing in the bill of exceptions in question further reflecting the fact that there was not abundant testimony before the court to show that appellant owned the room in question.

Our review of the record confirms us in our belief of the correctness of the original disposition of this case, and the motion for rehearing will be accordingly overruled.

*Overruled.*