### . W. W. BROWN v. THE STATE.

No. 7147.   Decided April 11, 1923.

Rehearing denied October 3, 1923.

Rehearing denied January 23, 1924.

**1.—Gaming—Indictment—Two Counts—Practice in Trial Court.**

Where the indictment contained two counts and the Court sustained the motion to quash the first, but overruled it as to the second, which is an exact counterpart of one sustained by former precedent, there is no reversible error.   Following Francis v. State, 90 Texas Crim. Rep., 67 and other cases.

**2.—Same—Leading Questions.**

Where the first ground of objection to the testimony was not tenable, but the question was leading, yet in the light of other evidence did not call for a reversal, there is no reversible error.

**3.—Same—Verdict—Judgment.**

Where a complaint was made that the jury having found defendant guilty as charged in the indictment no judgment could properly be entered thereon notwithstanding the Court submitted only one count, the same is property overruled.   Distinguished Wood v. State, 84 S. W. Rep., 1058.

**4.—Same—Evidence—Practice in Trial Court.**

Where a complaint was made because the State was permitted to prove over defendant's objection that he played and bet in a card game, he not being charged therewith, there was no error in overruling same.   Following Sanchez v. State, 90 Texas Crim. Rep., 156.

**5.—Same—Repeal—Vagrancy Statute—Statutes Construed.**

The Vagrancy Statute, article 634 sub. K. C. C. P., Acts of the Legislature, 1909, page 111, did not repeal article 559 P. C., under which the prosecution in the present case proceeded.   Following Fridge v. State, 90 Texas Crim. Rep., 76, and other cases.

**6.—Same—Rehearing—Indictment.**

The indictment was not fatally defective because it failed to negative the fact, that said room, premises, etc., was a private residence occupied by a family, in an indictment for keeping and permitting the keeping of a building and room for the purpose of being used as a place in which to gamble.   Following Sanchez v. State, 90 Texas Crim. Rep., 156.

**7.—Same—Indictment—Duplicity—Repugnancy.**

While the indictment may have been duplicitous, the same could not be attacked successfully after verdict, and the same is not repugnant as it does not contain allegations inconsistent with each other, and there was, therefore, no reversible error in sustaining the indictment.

**8.—Same—Negative Averments—Rule Stated.**

The rule requiring that an indictment contain averments negativing all exceptions has application to instances in which the exception is em-

braced in the statutes defining the offense and forms a part of its definition. Following Slack v. State, 61 Texas Crim. Rep., 406.

**9.—Same—Statutes Construed—Private Residence—Second Motion.**

In article 559 P. C. under which this prosecution is maintained there is found no exception exempting from its operation a private residence. Following Francis v. State, 233 S. W. Rep., 974, and other cases. A proper disposition of the case has therefore been made in the original opinion, and the filing of a second motion for rehearing is hereby declined.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of keeping and permitting the keeping of a room for the purpose of being used as a place in which to gamble; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Branch,* for appellant. Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for keeping, and permitting the keeping, of building and room for the purpose of being used as a place in which to gamble. Punishment is assessed at two years in the penitentiary.

The evidence is amply sufficient to support the verdict and judgment, and will not be discussed unless necessary in considering some bill of exception.

The indictment contained two counts. The court sustained a motion to quash the first, but overruled it as to the second, and as to this ruling appellant's first complaint is urged. The second count is an exact counterpart of the one upheld in Harvey v. State, 92 Texas Crim. Rep., 645, 244 S. W. Rep., 1004; See also Francis v. State, 90 Texas Crim. Rep., 67, 233 S. W. Rep., 974: Deisher v. State, 89 Texas Crim. Rep., 467, 233 S. W. Rep., 978; Fridge v. State, 90 Texas Crim. Rep., 75, 233 S. W. Rep., 979.

State's counsel propounded to his witness Letz the following question: "This place here of Brown's (appellant), which he was running mighty near all the time, it was known as a gambling house wasn't it?" Objection was interposed because (a) there was no allegation in the indictment to that effect, and, (b) because the question was leading. The objection being overruled the witness answered: "Well, if we wanted to play a little poker we would go up there. Some of them called it a bed room, and some of them called it a gambling room. Yes, sir, I have been in that room more than one time, several times." The first ground of objection was not tenable,

.but the question was leading. The answer, however, in the light of the other evidence does not call for reversal.

Complaint is made that the jury having found appellant "guilty as charged in the indictment," no judgment could properly be entered thereon notwithstanding the court submitted only one count for the jury's consideration. Appellant bases this contention upon that part of the second count which alleges that appellant "did then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet, and wager upon games then and there played with cards," his point being that although the court did not submit the first count, there is no way to determine whether the verdict relates to the allegation in the second count which charges him with keeping a building and room for the purpose of being used for gambling or whether it relates to that portion of the second count above quoted. Again the similarity of the Harvey case (supra) appears. The part of the count quoted was not submitted to the jury either in that case or the instant one and it not being before the jury we could scarcely assume that the verdict had reference to it, but more logically conclude that the verdict referred to the charge in the indictment to which they were restricted by the instructions of the court. The case of Wood v. State, 84 S. W. Rep., 1058, to which we are cited by appellant is not in point. The decision there turned upon a duplicitous indictment. We have no duplicity here. The averments quoted charge neither a felony nor misdemeanor, as is apparent from the Harvey case (supra), and may be properly treated as surplusage.

Complaint is made because the State was permitted to prove over his objection that he played and bet at a card game, he not being charged therewith. This exact point is decided adversely to the contention in Sanchez v. State, 90 Texas Crim. Rep., 156, 233 S. W. Rep., 983.

The vagrancy statute, Article 634, Sub. K of the Criminal Code, Acts of the Legislature, 1909, page 111, did not repeal Article 559, Penal Code, under which the prosecution in the present case proceeded. Harvey v. State, 92 Texas Crim. Rep., 645, 244 S .W. Rep., 1004; Fridge v. State, 90 Texas Crim. Rep., 76, 233 S. W. Rep., 979; Parshall v. State, 62 Texas Crim. Rep., 177; 138 S. W. Rep., 759; Ex Parte Oates, 91 Texas Crim. Rep., 79, 238 S. W. Rep., 930.

Other questions are presented, all of which we have examined. We find no merit in them, and do not deem them of sufficient importance to discuss.

The judgment is affirmed.

*Affirmed.*

October 3, 1923.

LATTIMORE, Judge.—The Thirtieth Legislature in 1907 amended and rewrote Article 388 P. C. and added Arts. 388a-b-c-d, etc. The amended Article 388 forbade betting or wagering at ·certain named and described games under misdemeanor pains and penalties and contained the following proviso:

"No person shall be indicted under this section for playing said games with dominoes or cards at a private residence occupied by a family, unless same is commonly resorted to for the purpose of gaming." The terms of this proviso restrict its effect to the section containing it.

Article 388-b of said enactment, now Article 559 of our present Penal Code, made felonious the act of renting. to another, keeping or being interested in keeping, any premises "for the purpose of being used as a place to bet or wager or to gamble with cards, dice or dominoes, etc. . . . regardless of whether the games mentioned are licensed by law or not," and said statute specifically states as follows: "Any place or device shall be considered as used for gaming, or to gamble with or for betting or wagering if any fees, money or anything of value is bet thereon, or if same is resorted to for the purpose of gaming or betting." Appellant's conviction herein is under the last named article. In his motion for rehearing appellant insists that the indictment charging him with keeping and being interested in keeping a certain room and premises as a place to be used for the purpose of gaming, etc., is fatally defective because it fails to negative the fact that said. room, premises, etc., was a private residence occupied by a family, basing this contention on the proposition that betting at cards is not unlawful under Article 557 when same takes place at a private residence, unless it be a residence commonly resorted to for the purpose of gaming.

That an indictment for betting at a game with cards under Article 557 needs to state that such game was not at a private residence,—was denied by Judge Ramsey in Purvis v. State, 52 Texas Crim. Rep., 343, and in Singleton v. State, 53 Texas Crim. Rep., 625, and approved by Judge Davidson in Vinson v. State, 124 S. W. Rep., 652. We are aware of the fact that later this rule seems changed under a different personnel of the court in Purvis v. State, 62 Texas Crim. Rep., 302; Chapman v. State, 63 Texas Crim. Rep., 513; George v. State, 65 Texas Crim. Rep., 91, 143 S. W. Rep., 621; Shelton v. State, 65 Texas Crim. Rep., 489, 145 S. W. Rep., 340. We do not quite see how this fact affects the question now before us. Appellant cites no authority holding that an indictment under Article 559 should contain the negative provision con-

tended° for and this court knows of no such authority. Even if the Legislature saw fit, in enacting the misdemeanor statute (Art. 557) penalizing the mere bettor or wagerer at certain games, to engraft a proviso exempting from prosecution those who so bet at such games when played at a private residence occupied by a family, this would afford no justification or excuse to this court for now in substance engrafting such proviso on a different statute, a felony statute (Art. 559) penalizing those who prepare for and carry on gambling as a business. For illustration: Suppose the accused should fit up his private residence in which he dwelt with his family with card tables, cards and other gambling paraphernalia and admit that his purpose in so doing was that it should be used as a place for gaming,—for people to bet and wager at cards. Upon what reasonable hypothesis could an indictment charging him with so doing, be held bad because it failed to negative the fact that such premises so fitted up and so kept were a private residence? We do not think it necessary that the indictment state that such was not a private residence. Each of the authorities cited by appellant and many others have been examined in this connection. We think the Sanchez case, 90 Texas Crim. Rep., 156 and cases cited in the original opinion announce the correct holdings. This being the only point raised in appellant's motion for rehearing, and being unable to agree therewith, the motion will be overruled.

*Overruled.*

----

### ON SECOND MOTION FOR REHEARING.

### January 23, 1924.

MORROW, PRESIDING JUDGE.—In his motion for permission to file a second motion for rehearing, appellant reiterates the matters heretofore reviewed and advances the additional theory that the indictment offends against the rule against repugnancy in that it alleges that the appellant was the keeper of a gambling-house, and also that he permitted the house kept to be used for the purpose of gaming, and that these are separate offenses denounced by Article 559, P. C. An indictment is said to be repugnant when in the same count it contains allegations inconsistent with each other, both of which cannot be true and there is no means of ascertaining from the face of the indictment which is meant. Cain v. State, 18 Texas Rep., 392; Branch's Ann. Tex. P. C., Sec. 505. An indictment is duplicitous when in the same count two separate offenses are charged, or in which two or more phases of the same offense, are charge, each carrying a

different punishment. Henderson v. State, 2 Texas Crim. App., 88; and other cases cited in Branch's Ann. Tex. P. C., Sec. 506.

The count in the indictment upon which the conviction rests reads thus:

" . . . that the said W. W. Brown in said County and State aforesaid, did then and there unlawfully keep and was then and there interested in keeping a building and room there situate for the purpose of being used as a place to bet and wager and gamble with cards then and there played, and did then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games then and there played with cards."

This indictment may be duplicitous, but we fail to perceive its repugnancy. That it was duplicitous did not render it subject to attack after verdict. Melley v. State, 93 Texas Crim. Rep., 523. The rule requiring that an indictment contain averments negativing all exceptions has application to instances in which the exception is embraced in the statute defining the offense and forms a part of its definition. See opinion of Presiding Judge Davidson in Slack v. State, 61 Texas Crim. Rep., 406, and numerous cases cited.

"When the exceptions to the operation of a penal statute are in a distinct article or section from the one defining the offense and are not a part of the definition of the offense nor descriptive of it, and the exception is not the gist of the offense, it is not necessary to negative such exceptions." (Branch's Ann. Tex. Penal Code, p. 263.)

See also Rupe v. State, 41 Texas Reports 33, and other cases cited by Mr. Branch in his Ann. Tex. P. C., p. 263.

In Article 559, P. C., under which this prosecution is maintained, there is found no exception exempting from its operation a private residence. In Article 557, P. C., which forbids betting at certain games, there is a proviso to the effect that "no person shall be indicted under this article for playing said games with dominoes or cards at a private residence occupied by a family, unless same is commonly resorted to for the purpose of gaming." Article 572 of the Penal Code forbids, under a misdemeanor penalty, one controlling a public place or house to permit gaming is to be differentiated from Article 559, supra, which creates a felony punishment as is indicated in Francis v. State, 233 S. W. Rep., 974; Allen v. State, 232 S. W. Rep., 517. The dispostion of the present case, in the original opinion and on the motion for rehearing, is not in conflict with the construction of Article 548 (formerly Art. 379) or Article 557 (formerly Art. 388) announced in the cases of Purvis v. State, 62 Texas Crim. Rep., 303; Chapman v. State, 63 Texas Crim. Rep., 513; George v. State, 65 Texas Crim. Rep., 488, 143 S. W. Rep., 621; Johnson v. State, 65 Texas Crim. Rep., 92, 143 S. W. Rep., 621; Shelton v.

State, 145 S. W. Rep., 340, giving effect to the general rule hereinbefore stated touching the necessity of a negative averment when dealing with a statute which, in defining the offense, embraces exceptions such as are embraced in Articles 348 and 557, and overruling cases to the contrary.

The place described in the indictment is clearly shown to come within the terms of the indictment as a room kept for the purposes of being used as a place to gamble with cards, and which was knowingly used for such purposes. It was not a private residence, and the only real issue is whether it was kept by the appellant. He was the owner of the building which consisted of three rooms: two below and one above. The lower rooms were used by the appellant and another for a barber shop and cold drinks stand. The upper room was used for gambling and commonly resorted to for that purpose. The controverted issue touching the appellant's connection with it was settled by the jury against him upon evidence amply supporting the verdict.

We feel constrained to hold that a proper disposition of the case has heretofore been made and to decline to permit the filing of the second motion for rehearing.

The zeal and ability displayed by counsel for the appellant in presenting his views have impelled us to write perhaps more fully than is justified by the record.