A reversal of the judgment is therefore ordered.

---

## BROWN v. STATE. (No. 7147.)

(Court of Criminal Appeals of Texas. Jan. 23, 1924.)

1. **Indictment and information ⬤⇒73(1)—When indictment "repugnant," stated.**

An indictment is "repugnant" when, in the same count, it contains allegations inconsistent with each other, both of which cannot be true and there is no means of ascertaining from the face of the indictment which is meant.

2. **Indictment and information ⬤⇒125(1)— When indictment "duplicitous" stated.**

An indictment is "duplicitous" when, in the same count, two separate offenses are charged or in which two or more phases of the same offense are charged, each carrying a different punishment.

3. **Indictment and information ⬤⇒73(1)—Indictment for keeping gambling house and permitting premises to be used for gambling not repugnant.**

An indictment charging that defendant kept and was interested in keeping a building for the purpose of being used as a place to gamble with cards, and knowingly permitted it to be used as a place where people resorted to gamble on games played with cards, though possibly duplicitous, was not repugnant.

4. **Indictment and information ⬤⇒202(8)— Duplicity not ground for attack after verdict.**

That an indictment was duplicitous did not render it subject to attack after verdict.

5. **Indictment and information ⬤⇒111(3)—Rule requiring negativing of exceptions applies where exception is embraced in statute defining offense.**

The rule requiring that an indictment contain averments negativing all exceptions applies to instances in which the exception is embraced in the statute defining the offense and forms a part of its definition.

Appeal from District Court, Brazoria County.

On motion for leave to file second motion for rehearing. Denied.

For former opinion, see 254 S. W. 495.

MORROW, P. J. [1, 2] In his motion for permission to file a second motion for rehearing, appellant reiterates the matters heretofore reviewed and advances the additional theory that the indictment offends against the rule against repugnancy in that it alleges that the appellant was the keeper of a gambling house, and also that he permitted the house kept to be used for the purpose of gaming, and that these are separate offenses denounced by article 559, P. C. An indictment is said to be "repugnant" when in the same count it contains allegations inconsistent with each other, both of which cannot be true and there is no means of ascertaining from the face of the indictment which is meant. Cain v. State, 18 Tex. 392; Branch's Ann. Tex. P. C. § 505. An indictment is "duplicitous" when in the same count two separate offenses are charged, or in which two or more phases of the same offense are charged, each carrying a different punishment. Henderson v. State, 2 Tex. App. 88; and other cases cited in Branch's Ann. Tex. P. C. § 506.

[3, 4] The count in the indictment upon which the conviction rests reads thus:

" * * * That the said W. W. Brown in said county and state aforesaid, did then and there unlawfully keep and was then and there interested in keeping a building and room there situate for the purpose of being used as a place

to bet and wager and gamble with cards then and there played, and did then and there knowingly permit said property and premises to be used as a place where people resorted to gamble, bet and wager upon games then and there played with cards."

[5] This indictment may be duplicitous, but we fail to perceive its repugnancy. That it was duplicitous did not render it subject to attack after verdict. Melley v. State, 93 Tex. Cr. R. 523, 248 S. W. 367. The rule requiring that an indictment contain averments negativing all exceptions has application to instances in which the exception is embraced in the statute defining the offense and forms a part of its definition. See opinion of Presiding Judge Davidson in Slack v. State, 61 Tex. Cr. R. 406, 136 S. W. 1073, Ann. Cas. 1913B, 112, and numerous cases cited.

"When the exceptions to the operation of a penal statute are in a distinct article or section from the one defining the offense and are not a part of the definition of the offense nor descriptive of it, and the exception is not the gist of the offense, it is not necessary to negative such exceptions." Branch's Ann. Tex. Penal Code, p. 263.

See, also, State v. Rupe, 41 Tex. 33, and other cases cited by Mr. Branch in his Ann. Tex. P. C. p. 263.

In article 559, P. C., under which this prosecution is maintained, there is found no exception exempting from its operation a private residence. In article 557, P. C., which forbids betting at certain games, there is a proviso to the effect that—

"No person shall be indicted under this article for playing said games with dominoes or cards at a private residence occupied by a family, unless same is commonly resorted to for the purpose of gaming."

Article 572 of the Penal Code forbids, under a misdemeanor penalty, one controlling a public place or house to permit gaming is to be differentiated from article 559, supra, which creates a felony punishment as is indicated in Francis v. State, 90 Tex. Cr. R. 67, 233 S. W. 974; Allen v. State, 89 Tex. Cr. R. 462, 232 S. W. 517. The disposition of the present case, in the original opinion and on the motion for rehearing, is not in conflict with the construction of article 548 (formerly article 379) or article 557 (formerly article 388) announced in the cases of Purvis v. State, 62 Tex. Cr. R. 303, 137 S. W. 701, Ann. Cas. 1913C, 536; Chapman v. State, 63 Tex. Cr. R. 513, 140 S. W. 441; George v. State, 65 Tex. Cr. R. 91, 143 S. W. 621; Johnson v. State, 65 Tex. Cr. R. 92, 143 S. W. 621; Shelton v. State, 65 Tex. Cr. R. 489, 145 S. W. 340—giving effect to the general rule hereinbefore stated touching the necessity of a negative averment when dealing with a statute which, in defining the offense, embraces exceptions, such as are embraced in articles 348 and 557, and overruling cases to the contrary.

The place described in the indictment is clearly shown to come within the terms of the indictment as a room kept for the purposes of being used as a place to gamble with cards, and which was knowingly used for such purpose. It was not a private residence, and the only real issue is whether it was kept by the appellant. He was the owner of the building which consisted of three rooms; two below and one above. The lower rooms were used by the appellant and another for a barber shop and cold drinks stand. The upper room was used for gambling and commonly resorted to for that purpose. The controverted issue touching the appellant's connection with it was settled by the jury against him upon evidence amply supporting the verdict.

We feel constrained to hold that a proper disposition of the case has heretofore been made and to decline to permit the filing of the second motion for rehearing.

The zeal and ability displayed by counsel for the appellant in presenting his views have impelled us to write perhaps more fully than is justified by the record.