## McCAULEY v. STATE.

### No. 13655.

Court of Criminal Appeals of Texas.
Nov. 5, 1930.

Rehearing Denied Jan. 21, 1931.

Application for Leave to File Second Motion for Rehearing Denied Feb. 4, 1931.

James A. Harrison, of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for permitting property to be used as a place for gaming; punishment, two years in the penitentiary.

The record is before us without any statement of facts. The exceptions and objections to the court's charge are of such nature as cannot be considered in the absence of a statement of facts. There are no bills of exception. We think the indictment is sufficient, and that it is followed by the charge of the court, the judgment and sentence.

No error appearing, the judgment will be affirmed.

HAWKINS, J., absent.

On Motion for Rehearing.

HAWKINS, J.

In his motion for rehearing appellant insists that the sixth count in the indictment under which he was convicted is a substantial copy of the charging part of the indictment in Francis v. State, 90 Tex. Cr. R. 67, 233 S. W. 974, which was held to charge the commission

of a misdemeanor only. If appellant be correct, of course, this conviction could not stand, the conviction being for a felony. We think appellant misconstrues the Francis opinion. The indictment in that case and in Deisher v. State, 89 Tex. Cr. R. 467, 233 S. W. 978, were drawn under then article 572, P. C. (now article 628, P. C. (1925), and charged that accused permitted gaming in a house under his control, which offense is a misdemeanor. The indictment in the present case is drawn under combined articles 625 and 627, P. C. (1925), formerly article 559, P. C., and charges, in substance, that appellant permitted a house under his control to be used as a place for the purpose of gaming; in other words, that he permitted such house to be used as a gambling house. In Fridge v. State, 90 Tex. Cr R. 75, 233 S. W. 979, will be found an indictment like the one in the present case and which was held to charge a felony. The Francis, Deisher, and Fridge Cases were decided at the same time. Brown v. State, 96 Tex. Cr. R. 409, 254 S. W. 495, 257 S. W. 891, follows the Fridge Case. See, also, Bowman v. State (Tex. Cr. App.) 33 S.W.(2d) 439.

The motion for rehearing is overruled.