ED SPEARS V. THE STATE.

No. 11329. Delivered February 1, 1928.

Rehearing denied April 18, 1928.

1.—**Keeping a Resort for Gambling—Requested Charges—Covered by Main Charge—Properly Refused.**

On a trial for keeping a building or room as a resort for gambling, several special charges were requested by appellant, but the issues which they presented having been properly submitted in the court's main charge, they were properly refused.

ON REHEARING.

**2.—Same—Evidence Sufficient—Statute Construed.**

A violation of Art. 625, P. C., is complete, if one keeps premises for the purpose of being used as a place to which people resort for the purpose of gaming, or in which is kept or exhibited a table, etc., for such purpose, regardless of whether the purpose for which it was kept had been carried into actual execution or not, i. e., whether there had yet been an actual resorting, or actual betting.   See Sanchez v. State, 90 Tex. Crim. Rep. 159.

**3.—Same—Continued.**

One would be guilty under the statute covering the prosecution in this case, whether he kept the premises as a public or a private gambling house.  It is not necessary to the guilt of the accused that he do more than permit the gaming, provided he keeps the place for that purpose.

Appeal from the District Court of Tom Green County.   Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for keeping a building or room as a resort for gambling, penalty two years in the penitentiary.

The opinion states the case.

*Wright & Gibbs* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE. — Conviction is under Art. 625, P. C., which makes it a felony to keep a building or room as a resort for gambling.   The punishment assessed was two years in the penitentiary.

We have not been favored by a brief for appellant.   Examination of the evidence shows it to be quite sufficient to support the verdict.   The bills of exception complain only of the refusal of certain special instructions.   Some of these are deemed inapplicable.   The refusal of those which might be applicable is not thought to be erroneous as the main charge seems to be sufficiently comprehensive to embrace the principles contained in the refused instructions.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his written motion and oral argument appellant submits, first, that evidence of a single gambling transaction is not enough upon which to base a conviction for keeping a house for the purpose of gaming; also that such evidence is not sufficient to support a conviction for keeping a house

as a place where people resort to gamble, etc. On the point thus made we observe that in the case of Sanchez v. State, 90 Tex. Crim. Rep. 159, we said that the law would be violated by one who kept promises for the purpose of being used as a place to which people resorted, etc., or in which they kept and exhibited a table, etc., regardless of whether the purpose for which it was kept had been carried into actual execution or not, i. e., whether there had yet been an actual resorting or an actual betting. In the instant case the testimony shows beyond question that appellant was keeping the place referred to, and that it was kept by him and fitted up for the purpose of being kept as a place to which people should resort, and that the tables in said place were put there for the purpose of being used to play games on. This would seem to leave in the case but the one question as to whether the proof shows that his purpose in fitting up said place and keeping it was that it might be kept for the purpose of gaming, or as a place to which people resorted for the purpose of betting and wagering upon a gaming table or bank. As we understand the record, it shows that appellant had some kind of a place downstairs to which people resorted, in which a number of men were arrested by the officers on an occasion prior to the one here in question, the fines of which parties were paid by appellant. It further appears that when the officers talked to him about the character of place he was keeping, he informed the officers that he was going to get a charter and move the place. Thereafter he put an outside stairway over a garage and fitted up the room in question and kept it under lock and key. In the room were four dominoes tables, a pool table, a cold drink stand, etc. On the night in question three officers went to said place, and two of them remained at the foot of the stairs while the third ascended the stairs and endeavored to effect an entrance. Presently, upon some one coming out of the place, which was called a club, the officer at the head of the stairs forced his way in. He said there were about thirty men in the place and that they were shooting craps upon one of the tables; that they threw the dice in one corner and grabbed up money from the table. We would be unwilling to say that this evidence does not show sufficiently that appellant's purpose in fitting up this place and keeping it was not shown by the testimony to be for purposes forbidden in the statute and set out in the indictment. On the contrary we are inclined to believe that the evidence does support the conclusion reached. See Bridge v. State, 90 Tex. Crim. Rep. 75; Snow v. State, 91 Tex. Crim. Rep. 1; Harvey v. State, 92

Tex. Crim. Rep. 645. We do not think the bawdy house cases cited in appellant's motion have application. Nor that the gaming cases decided under the old misdemeanor statute, which forbade one to permit people to resort to a certain place for the purpose of gaming, and in which it was held that proof of one acting of resorting did not suffice to show the general custom and practice of the accused, are in point.

Complaint is made of the refusal of the fifth special charge which sought to have the jury told that if the premises described in the evidence constituted a public place and gambling thereon was merely permissive on the part of defendant, the jury could not convict. We do not think this charge correctly presents the law. One would be guilty under the statute covering the prosecution in this case whether he kept the premises as a public or as a private gambling house. We see no ground for believing that one would be less guilty whose house was a public gambling house than if it was of a private character. It is not necessary to the guilt of the accused that he do more than permit the gaming, provided he keeps the place for that purpose.

The motion for rehearing will be overruled.

*Overruled.*