GEORGE MUSEY, ALIAS B. BROWN, ALIAS W. B. BROWN v. THE STATE.

No. 13109.   Delivered April 2, 1930.
Rehearing denied December 17, 1930.
Reported in 33 S. W. (2d) 449.

The opinion states the case.

*Heidingsfelder & Kahn* and *E. A. Berry,* all of Houston, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—The offense is that defined by Art. 625, P. C.; penalty, two years in the penitentiary.

The indictment in this case is under attack. Without its formal parts it reads:

"George Musey alias B. Brown alias W. B. Brown on or about the 2nd. day of January A. D. one thousand nine hundred and twenty nine, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there unlawfully keep and was interested in keeping a room not a private residence occupied by a family, for the purpose of being used as a place to bet and wager and gamble with dice, and as a place where people did then and there bet and wager upon games played with dice."

Appellant contends in substance (1) that the above indictment fails to allege the county in which the offense was committed, and (2) that it is duplicitous in that more than one offense is therein alleged. An indictment in practically this identical language has been many times held sufficient. Fridge v. State, 90 Tex. Crim. Rep. 75; Polk v. State, 69 Tex. Crim. Rep. 53; Rasor v. State, 57 Tex. Crim. Rep. 10; Harvey v. State, 92 Tex. Crim. Rep. 645. The indictment is regarded as sufficiently alleging venue. Nor is it duplicitous in our opinion. While it alleges that appellant kept and was interested in keeping a room for the purpose of being used as a place to bet and wager and gamble with dice, these are but different phases of the same criminal act, embraced in the same general definition, punishable in the same manner and are not repugnant to each other and may therefore be charged conjunctively in the same count. Branch's P. C., Sec. 508; Copping v. State, 7 Tex. Crim. App. 61; Gage v. State, 9 Tex. Crim. App. 259; Johnson v. State, 171 S. W. 212.

The verdict found the appellant guilty as charged and it is claimed that this rendered it uncertain and indefinite because the indictment itself was duplicitous, uncertain and indefinite. What has been said above disposes of this contention, since if the indictment was not invalid in the respects claimed by appellant, the verdict which followed it could not be.

It is alleged on motion for new trial that the jury, after its return and before the verdict of guilty was reached and while the jury were divided as to the guilt or innocence of appellant, received other testimony. Evidence was heard on this allegation and the Court qualifies appellant's bill with a finding, the effect of which

is that one juror said to another in an informal conversation while not considering their verdict and while not in the regular jury room that there must be lots of gambling around Galveston "because several tables have been made down at the shop where I am working." According to the Court's finding this was a casual remark shown to have been heard by only one juror at a time and under circumstances which could not have injuriously affected appellant's rights. It was not a discussion of the case on trial nor was appellant connected in any way in such remark with any gambling. Appellant received the minimum penalty provided by law. Under these circumstances we are of the opinion that the Court properly overruled appellant's motion for a new trial. Honea v. State, 103 Tex. Crim. Rep. 242; Whitfield v. State, 104 Tex. Crim. Rep. 95; Purcell v. State, 104 Tex. Crim. Rep. 633; Henderson v. State, 104 Tex. Crim. Rep. 495.

Other bills of exception are so qualified as to show no error.

The evidence shown in the record is regarded as sufficient to support the conviction and its recital would serve no useful purpose.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a lengthy motion. We are still of opinion that the allegation in the indictment that appellant kept and was interested in keeping a room for the purpose of being used as a place to bet and wager and gamble with dice, did not render the indictment duplicitous. We have examined with interest appellant's argument, but are unable to agree with the soundness of his reasoning.

Appellant again urges that the allegation of venue was insufficient. The indictment is set out in the original opinion. Restating such parts as affect the issue of venue, it was alleged that Brown * * * in the County of Galveston and State of Texas, did then and there * * * keep and was interested in keeping a room * * * for the purpose of being used as a place to bet and wager, etc. The cases cited and relied upon by appellant are both written by the same learned member of this court, in which it was held that an allegation that the accused in a certain county rented property

and premises for the purpose of being used as a place to bet and wager, etc., was insufficient to allege that the property involved was located in the county in which the renting was done. The holding in those cases goes no further than to say that inasmuch as the rental contract might be made in one county for property situated in other counties, that the indictment on its face failed to sufficiently allege that the property referred to was situated in the county where the renting was done. In the case before us it is affirmatively alleged that the appellant kept in Galveston county, Texas, a room, etc. We think the case here clearly distinguishable from the cases cited by appellant. We are of opinion that the venue here is sufficiently alleged.

Further examination of the testimony given by the jurors upon hearing of the motion for new trial, confirms us in the conclusion that there was no error on the part of the trial court in overruling said motion. We think the testimony not sufficient to show that the jury received other testimony which could have bearing upon the issue in the instant case, or which could have influenced the verdict.

The motion for rehearing will be overruled.

*Overruled.*