R. L. SHOOPE v. THE STATE.

No. 13315.  Delivered June 18, 1931.
Rehearing Denied May 27, 1931.

The opinion states the case.

*Howard & Jackson,* of El Paso, *John B. Littler,* and *Rogers & Smith,* all of Big Spring, and *Jed Adams,* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for operating a gambling house, punishment being two years in the penitentiary.

The statement of facts is neither signed by the respective attorneys nor approved by the trial judge. It was filed in the trial court on October 10th, 1929. It was not filed in this court until January 6th, 1930, apparently having remained in the office of the district clerk for nearly three months without the defect having been discovered. In an effort to have us consider the statement of facts letters and affidavits from the district attorney and trial judge are presented here. From the affidavits we learn that the statement of facts was never presented to the district attorney for his signature nor to the district judge for his approval. Under such circumstances their statement that the statement of facts was correct would in no wise excuse the failure of appellant or his attorneys to comply with the plain provision of the statute regarding the preparation of the record for appeal. To do so would bring about a careless disregard which would inevitably lead to endless confusion.

Long after the record was filed here the attention of the trial judge and the district attorney was called to the condition of the statement of facts and by a letter dated long after ninety days from adjournment of court had expired, they undertook to authorize an attorney not connected with the case to sign their names to the statement of facts. Presumably because the attorney felt that he had no right to do this he did not sign their names, but if he had it would have availed appellant nothing, in view of the fact that the statement of facts was never presented to the trial judge and district attorney for approval, and is not even signed by appellant's own attorney.

This court is not able to appraise the bills of exception in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense is that defined in article 625, P. C., 1925.

In the second count of the indictment the following is charged:

· "* * * did then and there keep and was interested in keeping a building, house and room for the purpose of being used as a place to bet and wager and to gamble with dice, and as place where people did then and there resort to gamble, bet and wager upon games played with dice."

The statute involved has been considered in many cases. Among them are Sanchez v. State, 90 Texas Crim. Rep., 156, 233 S. W., 982; Francis v. State, 90 Texas Crim. Rep., 74, 233 S. W., 974; Spears v. State, 109 Texas Crim. Rep., 389, 4 S. W. (2d) 979; Harvey v. State, 92 Texas Crim. Rep., 645, 244 S. W., 1004; Musey v. State, 116 Texas Crim. Rep., 449, 33 S. W. (2d) 449.

The appellant contracted with the witness Thorpe to purchase a plot of land 100 feet square, situated in Howard county near what is known as the Scenic Drive, about two miles from the city of Big Spring. The purpose for which he bought the land was to build and conduct a roadhouse. A part payment on the lot was made and a contract entered into to complete the payment in sixty days. A house was constructed upon the lot. The house was divided into two compartments by a partition in which there was a door passing from one to the other. In the front of the house there was a restaurant and in the rear there was a gambling establishment. After the appellant was charged with the offense named, the payments on the lot and the construction of the house were paid by other persons while he was present. The material was bought upon his credit.

Several witnesses testified that they went to the building and found the appellant there and a number of other people. Some of the witnesses saw him only in the restaurant, and others saw him in both parts of the house. The gaming tables were under the immediate conduct of another person. However, the appellant's conduct was sufficient to justify the conclusion by the jury that he was connected with and interested in the operations in both parts of the building. The evidence is conclusive that the building was kept for the purpose of being used as a place to bet and wager and to gamble with dice, and where people resorted for that purpose.

The appellant's first bill of exception reflects his complaint of the refusal of the court to instruct the jury to acquit. The basis of the complaint is in substance that it was not shown that the building was owned by the appellant and was not shown that he was interested in conducting a gambling-house. It was not necessary that the appellant own the house. However, the evidence is sufficient to show that he was the owner. It was likewise sufficient to show that he was interested in keeping the place

in violation of the statute above mentioned. The court was fully warranted by the record in declining to instruct the jury to find a verdict for the accused. The court submitted the issue in a paragraph of the charge against which no complaint is directed.

The witness Robb testified that he, in company with others, went to the place at night; that the appellant was near the door and conducted the witness and his companions to a girl, who checked their hats. This was in the restaurant part of the building. The appellant stood and waited until their hats were checked. The witness said:

"That night Mr. Shoope told us he wanted us to check our hats, and not to keep them with us. * * * People were coming to and from those rooms while we were there. No one was waiting on the door between the two rooms that I know of. * * * In this room where we got our sandwich they had an orchestra playing, and I think there were some people dancing at the time."

In the rear room there were a number of gambling tables where people were gambling with dice at a game called "craps." There were about ten tables, covered with green cloth, and prepared in a manner suitable for playing the game mentioned. The witness said that he did not see the appellant in the room when the gambling was going on; that there were a number of people present. Other witnesses gave like testimony.

The reception of the testimony is assailed by bills of exception Nos. 1 and 2. The bills are not in shape to raise any legal question as they go no further than to show the ground of objection. However, the testimony given by the witnesses was, in the opinion of this court, clearly admissible. One of the witnesses testified that he lost some money in gambling. The state's attorney commented upon that fact. His argument is assailed as improper in stating that the appellant got the money which Robb lost. The comment should be classified as a proper deduction from the testimony given upon the trial.

One who holds the office of county judge and who is a lawyer is privileged to practice law in the district court. The complaint of the fact that the private prosecutor representing the state was also the county judge is without merit.

Counsel for the state remarked to the jury that if the evidence had not been sufficient the court would not have submitted the issues to the jury. The complaint of this is brought forward in a bill of exception. The court gave the usual charge with reference to the province of the jury in passing upon testimony and also instructed them to disregard the argument. The bill shows no error.

The motion for new trial brings forward the same matters to which the bills of exception relate.

The statement of facts was filed in the trial court and in this court without the signature of either counsel for the state or the accused, or by

the trial judge. In the trial court there was entered a judgment declaring that the statement of facts was approved at the time it was prepared and filed, but that by oversight the signatures of the trial court and the attorneys were omitted. It was held under the circumstances detailed in the case of Berrian v. State, 87 Texas Crim. Rep., 284, 221 S. W., 282, that a statement of facts which was filed within the time allowed by law and approved by the attorneys, and also by the trial judge, who, by inadvertence, failed to affix his signature thereto, would not be disregarded. The facts in the present case are different from those in the Berrian case, supra, and it is not clear that the statement of facts is in such condition that it can be properly considered upon this appeal.

Since the original hearing, some additional evidence, by way of affidavits, has come into the record touching the filing of the statement of facts. However, we have carefully examined the statement of facts with the result above stated, and are convinced that, considered in the light of the facts adduced, the record is void of any errors that would justify a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*