

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1948

Hon. Leigh Fischer
County Attorney
Hutchinson County
112 East 6th Street
Borger, Texas

Opinion No. V-556

Re: Authority of a Justice
of the Peace, who is a
practicing attorney, to
practice law in courts
other than the justice
court.

Dear Sir:

Your request for an opinion on the above sub-
ject matter is as follows:

"I have been requested to write you
for an opinion regarding the legality of
a duly licensed and practicing attorney
also holding the office of a Justice of
the Peace. This situation prevails here,
and there has been some criticism because
of it. Of my own knowledge, however, he
has not acted as a Justice of the Peace
in matters in which he has represented
those before the Court as their attorney.

"I have studied Articles 2372 through
2378, of Vernon's Statutes, and also the
annotations under Article V, Section 28,
and Article Sixteen, Section 40, of the
Constitution, and find nothing prohibi-
tory of such a factual situation in any
of them. However, the parties involved
would like a ruling or opinion from your
office to fully satisfy themselves. I
will greatly appreciate it if you can
help me in this matter."

In view of the above facts, we assume you de-
sire our opinion on the authority of a Justice of the
Peace, who is an attorney, to practice law in the courts
of this State other than the Justice Court over which he
presides.

It was held in Shoope v. State, 118 Tex. Cr. R. 138, 38 S.W.(2d) 793:

"One who holds the office of county judge and who is a lawyer is privileged to practice law in the district court. The complaint of the fact that the private prosecutor representing the state was also the county judge is without merit."

The Court of Criminal Appeals in the case of Clarich v. State, 129 S.W.(2d) 291, held that Article 319, V. C. S., which provides that no county judge shall be allowed to appear as an attorney in any county or justice court, except in cases where the court over which he presides has neither original or appellate jurisdiction, did not prohibit the county judge from participating in a trial in behalf of the State in a murder case.

We have carefully examined the constitutional and statutory provisions of this State and have been unable to find any provisions which will prohibit the justice of the peace from practicing law. Therefore, following the reasoning in the cases of Shoope v. State and Clarich v. State, it is our opinion that a justice of the peace has the authority to practice law in any court in this State except the court over which he presides.

## SUMMARY

The justice of the peace who is an attorney may practice law in any court in the State except the justice court over which he presides.

Yours very truly,

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *John Reeves*

John Reeves
Assistant

JR:mw