

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

April 14, 1999

The Honorable Eddie Lucio, Jr.                    Opinion No. JC-0033
Chair, Special Committee on Border Affairs
Texas State Senate                                Re: Whether a county judge may practice law in
P.O. Box 12068                                    the courts of his county (RQ-1083)
Austin, Texas 78711-2068

Dear Senator Lucio:

You have asked whether it is legal and ethical for the County Judge of Cameron County to practice law in Cameron County. A constituent of yours has pointed out that the county judge is chief budget officer of the county and is practicing law in courts directly affected by his actions as chief budget officer. The county judge is the presiding officer of the commissioners court, TEX. CONST. art. V, § 18(b), and also presides over the county court, *id.* art. V, § 15. The county judge may be the budget officer in counties under a certain population. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.002, .061-.062 (Vernon 1988 & Supp. 1999).

Article XVI, section 40 of the Texas Constitution, bars one person from holding more than one civil office of emolument at the same time. The common-law doctrine of incompatibility, the other major aspect of dual office-holding, prohibits one person from holding two inconsistent public offices or an inconsistent public office and public employment when one might impose its policies on the other or subject it to control in some other way. *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927); Tex. Att'y Gen. Op. No. JM-203 (1984). A county judge occupies a civil office of emolument within article XVI, section 40 of the Texas Constitution. Tex. Att'y Gen. Op. No. JM-594 (1986). As a public officer, the county judge is also subject to the common-law doctrine of incompatibility. Tex. Att'y Gen. LO-94-46, at 3-4. However, an attorney in private practice does not hold a public office or a public employment. Accordingly, neither article XVI, section 40 of the constitution nor the common-law doctrine of incompatibility bars a county judge from also working as an attorney in private practice. *See* Tex. Att'y Gen. Op. No. DM-194 (1992) (common-law rule against holding incompatible offices does not apply where one office is not public office); Tex. Att'y Gen. Op. No. V-303 (1947) (independent contractor for governmental body is not a public employee).

Section 82.064(b) of the Government Code does preclude a county judge from appearing as an attorney in certain courts within his county. That section provides:

> A county judge or county clerk who is licensed to practice law may not appear and practice as an attorney at law in any county or justice court except

in cases over which the court in which the judge or clerk serves has neither original nor appellate jurisdiction.

Under this provision, a county judge may not practice law in his own court or in lower courts over which his or her court has appellate jurisdiction. A county judge may, however, participate in the prosecution of a criminal defendant in district court. *Clarich v. State*, 129 S.W.2d 291 (Tex. Crim. App. 1939); *Shoope v. State*, 38 S.W.2d 793 (Tex. Crim. App. 1930). Accordingly, a county judge is permitted in certain circumstances to practice law in the courts within the county despite his position as chief budget officer. The county court of Cameron County has the jurisdiction of a probate court but has no other civil or criminal jurisdiction. TEX. GOV'T CODE ANN. § 26.131 (Vernon 1988).[1] Section 82.064 of the Government Code thus bars the county judge of Cameron County from appearing in probate matters in any court in Cameron County.

The substance of section 82.064 has been incorporated into the Code of Judicial Conduct. Canon 4G of this code provides that "[a] judge shall not practice law except as permitted by statute or this Code. A county judge who performs judicial functions and who is an attorney is exempt from Canon 4G, "except [when] practicing law in the court on which he or she serves or in any court subject to the appellate jurisdiction of the county court, or acting as a lawyer in a proceeding in which he or she has served as a judge or in any proceeding related thereto." TEX. CODE JUD. CONDUCT, Canon 6B.(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 1998); *see* 18 BAYLOR L. REV. 278, 280 (1966) Comm. on Interpretation of the Canons of Ethics, State Bar of Tex., Op. 183 (1958). These provisions permit a county judge to practice law in a court within the same county in certain circumstances, even though he is chief budget officer.

Ethical considerations, however, may bar a county judge from undertaking certain kinds of cases in his capacity as an attorney in private practice. Like any other lawyer, he is subject to the Texas Disciplinary Rules of Professional Conduct in his practice as an attorney. TEX. DISCIPLINARY R. PROF'L CONDUCT, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Rule 1.06, the general conflict-of-interest rule, is particularly relevant to the county judge's practice of law. It provides in part:

> (b) ... [A] lawyer shall not represent a person if the representation of that person:
>
> . . . .

---

[1]Appeals from the justice court and other inferior courts in Cameron County must be made directly to a county court at law. TEX. GOV'T CODE ANN. § 25.0332(d) (Vernon 1988); *see* Act of May 30, 1983, 68th Leg., R.S., ch. 1034, § 1, 1983 Tex. Gen. Laws 5485, 5486 (defining jurisdiction of County Courts at Law Nos. 1 and 2 of Cameron County and restricting county court to jurisdiction of a probate court).

>  (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06. We believe that rule 1.06(b) would bar the county judge from representing an individual in a dispute with the county.[2]

The Professional Ethics Committee of the Supreme Court (the "Committee") has issued several opinions dealing with the practice of law by county judges. Tex. Comm. on Prof'l Ethics, 18 BAYLOR L. REV. 195, 199-303 (1966), Op. Nos. 13 (1948) (county judge may practice law within the statutory limitations); 45 (1952) (county judge may represent clients and friends in justice and county courts in counties outside his own county); 151 (1957) (where county judge appointed widow as guardian of minor children, improper, though not illegal, for county judge to represent defendant in wrongful death suit brought by widow); 173 (1958) (county judge may not disqualify himself and then accept employment as attorney in probate matter in his court); 183 (1958) (improper for county judges to accept employment in case in which they are acting adversely to state or county); 220 (1959) (county judge may not transfer probate matter pending before county court to county court-at-law and continue to act as attorney in probate matter). The Committee, consisting of nine members of the state bar, is appointed by the Texas Supreme Court. TEX. GOV'T CODE ANN. § 81.091 (Vernon 1998). It is charged with issuing opinions "on the propriety of professional conduct other than on a question pending before a court of this state," when requested to do so by a member of the state bar or on its own initiative. *Id.* § 81.092 ("Committee opinions are not binding on the supreme court").

The Committee's Opinion No. 183, 18 BAYLOR L. REV. *supra,* at 278, is of particular interest, because it deals with cases involving representation adverse to the county. This opinion considered whether it would be unethical for a county attorney, district attorney, or county judge to accept employment as an attorney in various kinds of cases, including a criminal case in which the officer would be acting adversely to the state or the county. It referred to the predecessor of article 2.08 of the Code of Criminal Procedure, providing that "[d]istrict and county attorneys shall not be of counsel adversely to the State in any case, in any court." TEX. CODE CRIM. PROC. ANN. art. 2.08 (Vernon 1977) (formerly TEX. CODE CRIM. PROC. ANN. art. 32 (Vernon 1925)). While acknowledging that this statute did not apply to county judges, the opinion stated that "it would nevertheless, in the opinion of the Committee, be unethical for County Judges to accept employment in any case, criminal or civil, where they are acting adversely to the State or County." 18 BAYLOR L. REV. *supra,* at 278, 280.

---

[2]Subsection (c) of rule 1.06 sets out circumstances under which a lawyer may engage in the common representation of clients prohibited by subsection (b). Since subsection (c) refers to circumstances under which "common representation" is allowed, this exception may not apply where the attorney's duty is owned to a third party that is not a client.

Opinion No. 183 did not address the possibility that a county attorney might represent an indigent defendant pursuant to court appointment, nor did it mention the statute that addresses this issue. Article 26.06 of the Code of Criminal Procedure, adopted in 1951 and initially codified as article 494b, TEX. CODE CRIM. PROC. ANN. (1925), provides as follows:

> No court may appoint an elected county, district or state official to represent a person accused of crime, unless the official has notified the court of his availability for appointment. If an official has notified the court of his availability and is appointed as counsel, he may decline the appointment if he determines that it is in the best interest of his office to do so.[3]

The title of the 1951 bill adopting the predecessor of article 26.06 described it as an act "to exempt elected county officials who are members of the legal profession from being appointed to defend criminals in all courts of this State," while the emergency clause stated that the business of numerous counties was seriously impaired by the practice of appointing elective county officials to represent defendants in criminal cases. Act of May 23, 1951, 52d Leg., R.S., ch. 408, § 2, 1951 Tex. Gen. Laws 752. Thus, in adopting this provision, the legislature was concerned about the burden of court appointments on county officials, not about conflicts of interest addressed by section 2.08 of the Code of Criminal Procedure and Opinion No. 183.

The Court of Criminal Appeals has construed former article 494b as relieving a lawyer who is an elected county official from the duty of accepting court appointments, but not precluding his serving if he chose to do so. *Williams v. State*, 321 S.W.2d 72 (Tex. Crim. App. 1958) (lawyer was not disqualified for reason of being county judge from acting as attorney for an indigent defendant under court appointment). It has also held that the defendant was not denied a fair trial or due process because his court-appointed attorney was county judge at time of trial. *Ex parte Reece*, 417 S.W.2d 587 (Tex. Crim. App. 1967). In a case involving a legislator's representation of an indigent defendant, a Texas court of appeals stated as follows:

> Because of these obligations imposed by the Sixth Amendment, Texas developed an appointment system by which the trial court enters an order commanding counsel to provide representation. It is true that State legislators may excuse themselves from the appointment process, but they also have the prerogative to fulfill their obligation to the court as attorneys.

*Washington v. Walker County*, 708 S.W.2d 493 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

---

[3]Former article 494b, TEX. CODE CRIM. PROC. ANN. (Vernon 1925), read as follows; "From and after the effective date of this Act, no elected county official in this State, who is a member of the legal profession and licensed to practice law in this State, shall be appointed by any court to represent any person accused of crime, and said official shall be under no duty to defend any such persons under such appointment unless he chooses to do so." Act of May 23, 1951, 52d Leg., R.S., ch. 408, § 1, 1951 Tex. Gen. Laws 752.

On the basis of the judicial decisions we have cited, we conclude that the county judge is not precluded from accepting judicial appointments to represent criminal defendants in the courts of his county, but that in deciding whether or not to accept a particular judicial appointment, the judge must consider relevant provisions of the Code of Professional Responsibility, and, in particular, rule 1.06. We discussed this rule in Attorney General Letter Opinion No. 94-055, which considered whether a newly-elected county commissioner who was an attorney could continue to accept judicial appointments to represent indigent defendants while serving as county commissioner. We pointed out some powers of the commissioners court that might raise conflicts of interest within rule 1.06(b)(2) of the Texas Disciplinary Rules of Professional Conduct, such as the commissioners court's role in approving the prosecuting attorney's budget and providing other support for that office and in supplementing the salary of district judges having jurisdiction in the county. TEX. GOV'T CODE ANN. §§ 41.106, .107 (Vernon 1988); *see also id.* § 32.031 (Cameron County). We also stated as follows: "Whether rule 1.06(b)(2) of the Texas Disciplinary Rules of Professional Conduct would require the county commissioner to refuse a court appointment in a particular case involves the investigation and resolution of fact questions, which is beyond the scope of an advisory legal opinion." Tex. Att'y Gen. LO-94-055, at 2. Accordingly, the county judge must consider whether the conflict between his role as county judge and his ethical responsibilities as a lawyer would prevent him from taking a particular case. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT preamble.

## S U M M A R Y

Section 82.064 of the Government Code precludes a county judge who is licensed to practice law from practicing as an attorney at law in any county or justice court over which the court on which the judge serves has original or appellate jurisdiction. Pursuant to article 26.06 of the Code of Criminal Procedure, the county judge need not accept a judicial appointment to represent an indigent defendant in a criminal case, but may accept it if he wishes to do so. The county judge's practice of law must be in compliance with the Texas Disciplinary Rules of Professional Conduct, and in particular, with rule 1.06 relating to conflicts of interest. The county judge must consider whether the conflict between his role as county judge and his ethical responsibilities as a lawyer would prevent him from taking a particular case.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General