### JOHN GRUNDY V. THE STATE.

No. 17607.   Delivered June 5, 1935.
Rehearing Denied, Without Written Opinion, June 26, 1935.

94

■■■■■■■■■■■■■■■■■ ■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■

The opinion states the case.

*Clyde Suddath*, of Henrietta, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for permitting premises to be used as a place for gaming; punishment, two years confinement in the penitentiary.

The material part of the second count on the indictment under which appellant was convicted is as follows: John Grundy did then and there unlawfully and knowingly permit property and premises there situated and then and there under his control to be used for the purpose of a place to bet and wager, and to gamble with cards then and there played."

In Bowman v. State, 33 S. W. (2d) 439, the indictment under which the conviction was obtained read as follows: "That J. M. Bowman on or about the 12th day of August, A. D. 1929, in said county and State, did knowingly permit property and premises there situate, and then and there under his control to be used as a place to bet and wager, and to gamble with dice then and there played."

In concluding that the indictment in Bowman's Case would not support a conviction for a felony, this court, speaking through Judge Lattimore, used language as follows:

"Appellant cites and relies on Francis v. State, 90 Texas Crim. Rep., 67, 233 S. W., 974. Article 625, P. C., provides that if any person shall keep, etc., any premises, building, room, or place for the purpose of being used as a place to bet or wager with dice or dominoes, etc., he shall be confined in the penitentiary for not less than two nor more than four years. Article 627, Id., provides that whoever knowingly permits property or premises of which he is owner or which is under his control, to be used for any purpose mentioned in the two preceding articles, shall be confined in the penitentiary not less than two nor more than four years. The charge against appellant is that he violated the terms of articles 627, P. C. The effect of "our holding in the Francis Case, supra, is to say that if an indictment merely charged that one permits property under his control to be used as a place to bet and wager, etc., that same is not an

allegation of the fact that such party kept said premises for the purpose of being used as a place to bet and wager. The proposition above advanced is given emphasis in the case of Fridge v. State, 90 Texas Crim. Rep., 75, 233 S. W., 979. Article 628, P. C., makes any person, who permits any game to be played in his house or a house under his control, guilty of a misdemeanor, and provides an appropriate punishment.

"It is the opinion of this court that the intention of the Legislature in its phrasing of the above articles was to punish him for a felony who keeps or permits to be kept his premises for the purpose of being used as a place where gambling is carried on. To allege that one permitted his premises to be used as a place where dice were bet at, or where cards were played and bet at, is not equivalent to or tantamount to an allegation that such premises were being kept for the purpose of their use as a gambling house. It seems plain that one by permitting the use of his premises for one game of cards, or one game of dice, might be said to have knowingly permitted such premises to be used as a place where such cards were played or such dice bet at. If the premises were not used habitually or commonly for such gaming so as that the conclusion might be reached that same were kept for the purpose of being used as a gambling resort, then the owner or keeper of such premises would not seem to fall within the inhibition of article 625, supra, but within that of article 628, P. C. A reading of article 625, supra, makes plain the proposition that before the keeper of the premises would be guilty of a felony, it would have to be alleged and proved that the premises were kept 'for the purpose of being used as a place to bet or wager, or gamble with cards, dice or dominoes.' There being no allegation in this indictment that the premises were kept for the purpose of being used as a place for gaming, it follows that we are of opinion that the conviction for a felony can not be sustained."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.